THE STATE v. McFARLAND.

1. **Criminal Law**: INDICTMENT: PLEADING. An indictment is bad, for duplicity, which charges the defendant with the commission both of burglary and larceny, the one offense not being included in the other.

*Appeal from Linn District Court.*

FRIDAY, JUNE 14.

AN indictment in two counts was presented against the defendant. The first count charges her with the crime of burglary, the second with the crime of larceny. The defendant moved the court to compel the State to elect on which count it would proceed. The motion was overruled. The defendant also demurred to the indictment, for duplicity, which demurrer was overruled. She was convicted on both counts. Defendant appeals.

*Thompson & Davis,* for appellant.

*J. F. McJunkin, Attorney General,* and *M. P. Smith, District Attorney,* for the State.

DAY, J.—The Code, § 4300, is as follows: "The indictment shall charge but one offense; * * * * * *provided,*

1. CRIMINAL law: indictment: pleading.

that in case of compound offenses, where, in the same transaction, more than one offense has been committed, the indictment may charge the several offenses, and the defendant may be convicted of any

The State v. McFarland.

offense included therein." Burglary is an offense, and larceny is an offense. Unless, then, burglary is a compound offense, including within it the crime of larceny, so that both, when committed at the same time, may be charged in the indictment, it is clear that the indictment in question violates the provisions of this section, and is bad for duplicity. In *State v. Hayden*, 45 Iowa, 11, in which the indictment charged the defendant with breaking and entering with intent feloniously to steal, and with stealing, it was held that the indictment did not charge two offenses, but that the allegation that the intent to steal was consummated might be regarded as no more than an allegation of the evidence by which the intent to steal was to be established, and might be rejected as surplusage. In the subsequent case of *The State v. Ridley and Johnson*, 48 Iowa, 370, the defendants, under a like indictment, were convicted of larceny, and it was held that the conviction could not be sustained for the reason that burglary does not, as a compound offense, include the crime of larceny, and that burglary was the only offense properly charged in the indictment.

The decision in this case was adhered to upon petition for rehearing, and was followed in *State v. Rhodes*, 48 Iowa, 702, These last cases are decisive of the present one, for if burglary does not, as a compound offense, include the crime of larceny, burglary and larceny cannot, under our statute, be charged in different counts of an indictment.

The indictment is bad for duplicity.

REVERSED.