STATE OF IOWA, Appellee, v. BUDD PURCELL, Appellant.

CRIMINAL LAW: Instructions—Defining Offense. Instructions held 1 to amply advise the jury of the particular offense for the commission of which the accused was on trial.

CRIMINAL LAW: Accomplices—Estoppel as to Instructions. An accused who calls accomplices as witnesses in his own behalf may not insist that the court instruct to the effect that he may not be convicted solely on the testimony of accomplices.

CRIMINAL LAW: Instructions—Recital of Punishment. Instructions 3 otherwise correct are not rendered prejudicially erroneous because the court in its instructions (1) recites the punishment for the offense in question, but (2) does not recite the terms of the indeterminate sentence law bearing on the punishment of offenses.

CRIMINAL LAW: Verdict—Recommendation for Leniency—Effect. 4 A verdict otherwise adequate is not rendered fatally defective by the act of the jury in inserting therein a recommendation for leniency.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 13, 1923.

APPELLANT was indicted for the offense of aiding and assisting prisoners to escape from jail. He was convicted, and appeals.—*Affirmed.*

*H. I. Brouillette, Foster G. Iddings,* and *Ward R. Evans,* for appellant.

*Ben J. Gibson,* Attorney-general, *John Fletcher* and *Neill Garrett,* Assistant Attorney-generals, and *O. T. Naglestad,* County Attorney, for appellee.

Faville, J.—It appears from the evidence that the appellant, with others, was confined in the jail of Woodbury County. On the morning of February 27, 1922, the defendant and other prisoners escaped from said jail. The escape was effected by sawing bars off the cell in which the parties were confined, and by breaking a window. All of the parties were subsequently apprehended.

I. The appellant complains that the court erred, in the instructions submitted to the jury, in failing to specifically define the crime with which appellant is charged.

The court instructed the jury that the appellant was "on trial before you for the crime of assisting prisoners to escape from jail, alleged by the indictment to have been committed substantially as follows:" quoting the indict-

1. Criminal law: instructions: defining offense.

ment. The indictment itself specifically charges the appellant, with others, with the offense of "aiding and assisting prisoners lawfully detained in the Woodbury County jail to escape from said jail, by means of saws, ropes, and other instruments and means." In. other instructions, the court explicitly advised the jury with regard to the crime with which appellant was charged, and the facts necessary to be established in order to justify a conviction.

The objection urged by appellant is without merit.

II. The appellant offered as witnesses two of the parties who escaped from the jail at the time the appellant did, whose testimony was to the effect that the appellant did not help or assist the other prisoners to escape from the

2. Criminal law: accomplices: estoppel as to instructions.

jail. In rebuttal, the State offered testimony contradictory to the evidence of these witnesses. Appellant complains that no instruction was given upon the question of accomplices.

The appellant, having introduced the testimony of the so-called accomplices himself, is hardly in a position to complain of the failure of the court to give the usual instruction regard-

ing the necessity of corroboration of the evidence of an accomplice.

III.   Instruction 3 was as follows:

"You are instructed that our statute provides that, if any person, by any means whatever, aid or assist any prisoner lawfully detained in the penitentiary or any jail for a felony, in an attempt to escape, whether such escape be effected or not, he shall be imprisoned in the penitentiary not exceeding ten years, or be fined not exceeding $500, and imprisonment in the county jail not exceeding one year."

3. CRIMINAL LAW: instructions: recital of punishment.

Complaint is made of the portion of the instruction that tells the jury the penalty for the offense charged. This should have been entirely omitted from the instruction. In *State v. Peffers,* 80 Iowa 580, we said:

"If there is any good reason for stating in the charge the punishment authorized for a given offense, when the punishment is not to be fixed by the jury, our attention has not been called to it. When such punishment is given, it should ·be stated accurately."

In *State v. O'Meara,* 190 Iowa 613, we said:

"With the penalty to be imposed, the jury had no concern, and might not take the punishment to be inflicted into account, in passing on the issue as to the guilt or innocence of the accused. The duty of fixing the penalty, under law, devolved upon the court alone."

The trial court should in all criminal cases refrain from instructing the jury with regard to the punishment provided by statute for the crime with which a defendant is charged. The jury has no concern with the punishment which. the law prescribes. Its function is to determine the fact question as to whether the defendant is guilty or not guilty. We do not reverse because of the giving of such an instruction, but it is a practice which trial courts should avoid.

It is further urged by the appellant that the instruction is erroneous in that the court did not correctly instruct the jury with regard to the penalty for the offense with which appellant was charged. It is obvious that, if the court instructed the jury with regard to the penalty provided for the crime

charged, the penalty should be correctly given. *State v. Peffers,* supra.

The particular complaint is that, in telling the jury the penalty prescribed by statute for the offense charged, the court failed to tell the jury the provisions of the indeterminate sentence statute. Appellant contends that, if the jury were to be advised with respect to the punishment, they should also have been advised of the provisions of Section 5718-a13 of the Code Supplement of 1913, to the effect that, where the court imposes a sentence of confinement in the penitentiary, it shall not fix the term or duration of same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted.

The court accurately told the jury the penalty as provided by statute. We do not think the appellant was prejudiced by the failure of the court to also set out the terms and provisions of the indeterminate sentence statute, or to explain to the jury the manner in which the appellant might secure his release from the penitentiary by the medium of the board of parole. The whole matter of punishment should have been avoided; but the punishment as given by the court is that provided by the statute, and it was not reversible error for the court not to go further than it did, and explain to the jury the operations of the indeterminate sentence law.

IV. It is urged by the appellant that the verdict of the jury is informal, and that a new trial should have been granted because thereof. The verdict was as follows:

4. CRIMINAL LAW: verdict: recommendation for leniency: effect. "We, the jury, find the defendant, Budd Purcell, guilty of the crime of assisting prisoners to escape from jail, as charged in the indictment, and recommend leniency at your hands."

The complaint of the appellant is lodged against the clause of the verdict, "and recommend leniency at your hands."

Code Section 5405 provides that the jury must render a general verdict of guilty or not guilty, except in certain specified cases. Section 5410 is as follows:

"If any jury persists in finding an informal verdict, from which, however, it can be understood that the intention is to find for the defendant upon the issue, it shall be entered in the

terms in which it is found, and the court must give judgment of acquittal. But no judgment of conviction can be given unless the jury expressly finds against the defendant upon the issue, or judgment is given against him upon a special verdict.''

The verdict in this case was clearly a verdict finding the appellant guilty. The recommendation of leniency was not such an ''informality'' as renders the verdict void. *State v. Maxwell*, 42 Iowa 208, relied upon by the appellant, is not in point on this question. In that action, the defendant was charged with the crime of burglary. The jury returned a verdict as follows:

''We, the jury, find the defendant guilty of entering the house of Charles E. Gale, in the nighttime, as stated in the indictment, and recommend the mercies of the court.''

It was obvious that the verdict was informal. It failed to find that the entry of the dwelling house was without breaking, and with intent to commit a public offense, to wit, larceny, as charged in the indictment. We held that the court, under such circumstances, had a right to direct the jury to reconsider the verdict and put it in proper form. The question of the portion of the verdict which recommended the defendant to the leniency of the court was in no way involved in the case. Appellant has furnished us with no authorities holding that the insertion of a clause in a verdict recommending leniency vitiates the same, and we have found no authorities so holding. It is a matter of common knowledge that juries not infrequently insert a clause of this kind in a verdict, and such action does not render a verdict void.

We find no error in the record. The judgment appealed from must, therefore, be—*Affirmed*.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.