STATE OF IOWA, Appellee, v. FRANK REID, Appellant.

EVIDENCE: Demonstrative Evidence—Failure to Identify. Exhibits,
1  i. e., bottles and the contents thereof seized by the officers at the time of making a search of defendant's premises, are not admissible on the trial of the defendant unless they are properly identified and their integrity established. (See Book of Anno., Vol. 1, Sec. 1924, Anno. 22 *et seq.*)

TRIAL: Instructions—Failure to Testify. Defendant's failure to be a
2  witness in his own behalf need not be covered by an instruction, in the absence of a request. (See Book of Anno., Vol. 1, Sec. 11491, Anno. 1 *et seq.;* Sec. 13891, Anno. 25 *et seq.*)

INTOXICATING LIQUORS: Nuisance—Essential Instructions. Under
3  an indictment·for maintaining an intoxicating liquor *nuisance,* it is

reversible error for the court in its instructions (1) to quote the statute which prohibits the mere "manufacture" of such liquors, (2) to tell the jury that the defendant was indicted thereunder, and (3) to fail to set out in some manner the elements of the statute prohibiting a nuisance.

**CRIMINAL LAW:** Trial—Instructions—Explaining Punishment. Prin-
4   ciple reaffirmed that it is improper to instruct the jury as to the punishment provided for an offense (unless the jury is to determine the punishment), but that such error is not reversible error.

Headnote 1:  16 C. J. p. 620.  Headnote 2:  16 C. J. p. 1022.  **Headnote**
3:  33 C. J. pp. 790, 791.  **Headnote 4:**  16 C. J. p. 1026; 17 C. J. p. 345.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 27, 1925.

THE defendant was indicted for the crime of nuisance. From a judgment upon a verdict of guilty, he appeals.—*Reversed and remanded.*

*Warren H. White,* for appellant.

*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Special Counsel, for appellee.

VERMILION, J.—The indictment charged the appellant with the crime of maintaining a liquor nuisance, and alleged, in substance, that he kept, used, and occupied certain described premises with intent to manufacture, in and upon the premises, certain intoxicating liquor, and did then and there manufacture such liquors.

I.   The State was permitted to introduce in evidence certain bottles and their contents that it was claimed had been seized by officers upon a search of the premises in question.

1. EVIDENCE: demonstrative evidence: failure to identify.   The evidence showed that the bottles so taken had been delivered to a Mr. Hayes at Sioux City for examination of their contents, and subsequently returned to the sheriff. Hayes was not examined as a witness. There was no testimony as to how long the bottles

were out of the possession of the sheriff, or that, when they were returned to him, the contents were the same or in the same condition as when they were seized by the officers or delivered to Hayes. In such state of the proof as to the identity of the liquor produced on the trial with that seized, it was error to permit the introduction of the contents of the bottles in evidence. *State v. Kingsbury,* 191 Iowa 743.

II. It was not error for the court, in the absence of a request to that effect, to fail to instruct that the appellant's failure to testify should not be considered against him. *State v. Stevens,* 67 Iowa 557.

2. TRIAL: instructions: failure to testify.

III. General complaint is made of the court's instructions. As stated, the crime charged was the maintaining of a nuisance. The instructions quoted the provisions of the statute prohibiting the manufacture of intoxicating liquor and fixing the punishment for a violation, and told the jury that it was under this statute that the defendant was indicted and on trial. The crime of nuisance was not defined.

3. INTOXICATING LIQUORS: nuisance: essential instructions.

The act of manufacturing intoxicating liquor and the maintenance of a nuisance by the keeping or use of a building for the manufacture of such liquor therein, or for the other unlawful purposes named in the statute, are different and distinct offenses. Sections 2382 and 2384, Code of 1897 (Sections 1924 and 1929, Code of 1924). The distinction is too plainly made in the statutes and has been too long recognized and too often pointed out, to require further elucidation. *State v. Harris,* 64 Iowa 287; *State v. Howorth,* 70 Iowa 157. The court should have defined and set out, in the words of the statute, or otherwise correctly, the essential elements of the crime of nuisance with which the appellant was charged.

IV. We have said that, except where the jury is required by law to fix the punishment for one convicted, the court should not instruct as to the punishment provided by statute for the offense, but that to do so is not reversible error. *State v. Peffers,* 80 Iowa 580; *State v. McGhuey,* 153 Iowa 308; *State v. Wilson,* 157 Iowa 698; *State v. Woodworth,* 168 Iowa 263; *State v. Powers,* 180 Iowa

4. CRIMINAL LAW: trial: instructions: explaining punishment.

693; *State v. O'Meara,* 190 Iowa 613; *State v. Purcell,* 195 Iowa 272.

It may be, appellant's complaint of the instructions does not go to the two points last mentioned, but, in view of the necessity for a reversal and a new trial because of other error, we deem this reference to them not inappropriate.

For the same reason we refrain from discussing the sufficiency of the evidence to sustain a conviction of the crime charged.

Other errors assigned are either disposed of by what has been said, or are without merit.

For the error pointed out, the judgment is reversed.—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.