STATE OF IOWA, Appellee, v. ARTHUR FREY, Appellant.

OCTOBER 23, 1928.

*Opal Marquardt* and *C. A. Robbins*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

WAGNER, J.—The first count of the indictment charges that the defendant, on or about the 29th day of August, 1927, did break and enter into a building, to wit, a granary, in which goods and other valuable things, to wit, timothy seed, were kept for use, with the specific intent to then and there commit a public offense, to wit, the crime of larceny in a building, etc.

The second count of the indictment charges that the defendant, on or about the 29th day of August, 1927, did feloniously take, steal, and carry away from a building, to wit, a granary, seven bushels of timothy seed, of the value of $9.10, etc.

The location of the granary in each count is identical. The court submitted both counts of the indictment to the jury, submitting four forms of verdict, permitting said body to find the defendant guilty of the offense charged in each count of the indictment, and also permitting the jury to find the defendant not guilty of the offenses so charged. The jury returned a verdict of the crime of breaking and entering, and another verdict of guilty of the crime of larceny from a building, both as charged in the indictment, and found the value of the property stolen to be $9.10.

After the aforesaid verdicts were returned, the defendant filed a motion in arrest of judgment, based upon the ground, as alleged therein, that the indictment contains two separate and distinct charges: one for breaking and entering a building, with the intent to commit larceny therein, and the other for larceny from a building. The court overruled said motion in arrest of judgment as to Count 1, and sustained the same as to Count 2 of the indictment.

Thereafter, the defendant filed motion for new trial, and renewed his motion in arrest of judgment. And while it is apparent that the court did, in fact, overrule the same, and pronounce judgment upon the defendant, committing him to the reformatory on the verdict of guilty of the crime charged in Count 1 of the indictment, the record of what occurred at that time reads as follows:

"Now at this time, to wit, this 5th day of November, 1927, defendant's motion for new trial and further motion in arrest of judgment is *sustained*. It is the judgment of the court that the defendant be confined in the reformatory at Anamosa, Iowa, at hard labor for the period of ten years, as provided by law, and that he pay the cost of this prosecution, taxed at $............ dollars. This judgment being under Count 1 of the indictment herein. Defendant excepts."

The trial court, by mistake, wrote in the calendar the word "sustained," where he intended the word "overruled;" and this error occurs both in the entry on the judge's calendar and in the court record, as made therefrom. When this error was ascertained, the State filed a motion, asking the court to correct the record by substituting the word "overruled" for the word "sustained;" and the court set the matter down for hearing, and the defendant was served with notice thereof, as prescribed by the court. The defendant filed resistance to the aforesaid motion; and upon hearing had to the court at a subsequent term, the defendant being present at said hearing, the court found that, at the time of the presentation of the motions for new trial and in arrest of judgment, the same were, in fact, overruled by the court, and announcement of said ruling made; and that, in making the entry in the judge's calendar, it was the court's intention to make said entry show that the motion for new trial and further motion in arrest of judgment were overruled; but that, through mistake, the court wrote the word "sustained" in the court calendar, instead of the word "overruled;" that the record of said proceedings was copied from the court calendar. It was ordered that said record be corrected as of the date November 5, 1927, for the purpose of making the record conform to the actual ruling of the court as pronounced at that time.

If the correction had been made during the same term of

984

court at which the ruling was made, no question could be raised as to the power of the court to make the correction. See Section 10801, Code of 1927. But entries made and signed at a previous term can be altered, to correct an evident mistake. Section 10803 of the Code. The mistake appearing is an evident mistake, within the meaning of the aforesaid statute; for the court pronounced judgment committing the defendant to the reformatory, and it is apparent, or evident, that such commitment would not have been made, had he sustained the motion for new trial and in arrest of judgment. It is provided by Section 12857 of the Code that the lower court may make any necessary orders to secure a perfect record, upon a showing by affidavit or otherwise, and upon such notice as it may prescribe. The courts have  inherent power to make orders *nunc pro tunc*, and to modify their records so as to make them speak the truth. *Hofacre v. City of Monticello*, 128 Iowa 239; *Puckett v. Gunther*, 137 Iowa 647; *Puckett v. Guenther*, 142 Iowa 35; *Dowling v. Webster County*, 154 Iowa 603; *Lambert v. Rice*, 143 Iowa 70; *Snyder v. Fahey*, 183 Iowa 1118; *Fuller & Co. v. Stebbins*, 49 Iowa 376. In *Snyder v. Fahey*, supra, we said:

"The application in question invoked a power of the court which we have frequently held to be inherent in the court, and which has recognition in Code Sections 244 [now 10803] and 4127 [now 12857]. This may be designated as a general power of *nunc pro tunc* entry, which is frequently exercised for the correction of mistakes in the record, either of omission or of commission. It is not a power to review or to change, but it is the power to enter upon the record *now* what was actually done, and what was intended to be entered upon the record *then*. Its function is *now* to supply or perfect the record evidence of what was *then* actually done by the court."

We reach the conclusion that the court had the power to make the *nunc pro tunc* entry as aforesaid. Thus it appears that the motion for new trial and renewed motion in arrest of judgment, which were submitted to the court on November 5, 1927, were overruled.

The defendant's motion in arrest of judgment is based upon the claim that the indictment charges two separate and distinct

offenses, to wit, breaking and entering, and larceny from a building,—in other words, that it is bad for duplicity.

Our statutory law provides that, with certain exceptions hereafter to be noted, the indictment must charge but one offense. See Section 13737 of the Code. One exception is found in Section 13738 of the Code, which provides:

"In case of compound offenses where in the same transaction more than one offense has been committed, the indictment may charge the several offenses and the defendant may be convicted of any offense included therein."

Burglary, or breaking and entering, is not a compound offense which includes larceny. *State v. McFarland*, 49 Iowa 99; *State v. Ridley & Johnson*, 48 Iowa 370; *State v. Rhodes*, 48 Iowa 702. Therefore, there was no warrant for charging both breaking and entering and larceny in the same indictment, by reason of the provisions of the section just quoted.

Another exception to Section 13737 of the Code, hereinbefore referred to, is the statute which was enacted by the forty-second general assembly, now found in Section 13738-b1 of the Code of 1927, and which provides:

"An indictment may charge in separate counts: 1. A burglary and one or more other indictable offenses committed in connection with said burglary. The term 'burglary' shall embrace any violation of Sections 12994 to 13004, inclusive."

It is the contention of the State in its appeal that, by reason of this recent enactment, both the crime of breaking and entering and the crime of larceny from the building were properly charged in the indictment, and that the court should have pronounced judgment on both counts.

It will be observed that the indictment does not in terms charge that the larceny from the building charged in Count 2 was committed in connection with the breaking and entering charged in Count 1.

For reasons hereinafter given, we find it unnecessary to determine whether the two crimes of breaking and entering and larceny from a building were properly charged in separate

counts of the indictment, as provided for in Section 13738-b1 of the Code, hereinbefore quoted.

The State contends that the defendant, by going to trial without demurring to the indictment, waived the objection which he is now urging by motion in arrest of judgment, and relies, in support of its contention, upon Sections 13790 and 13791 of the Code. Section 13790 provides that the defendant may demur to the indictment when it appears upon its face that it does not *substantially* conform to the requirements of the Code; and Section 13791 provides that:

"All objections to the indictment relating to *matters of substance and form* which might be raised by *demurrer* shall be deemed waived *if not so raised* by the defendant before the jury is sworn on the trial of the case."

The State contends that the objection which the defendant is now urging is one which might be raised by demurrer, and that, since the defendant did not so raise it, the objection has  been waived. The defendant claims that he can raise the question of duplicity by motion in arrest of judgment, and relies on Section 13946 of the Code, which provides that:

"A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty, and shall be granted: (1) Upon any ground which would have been ground of demurrer. (2) When upon the whole record no legal judgment can be pronounced."

Thus, we have the two contending claims. The latter section has been a part of our statutory law for many years, and is identical with Section 4491 of the Code of 1873, and has remained unchanged throughout all of the following years. Section 13791 of the Code was first enacted by the thirty-third general assembly, and became effective in 1909, as an amendment to Section 5289 of the Code of 1897. Said amendment in its original enactment provided:

"All objections to the indictment relating to matters of substance and form which might be raised by a plea in abate-

ment shall be deemed waived if not raised by the defendant before the jury is sworn on the trial of the case.''

It so remained until the extra session of the fortieth general assembly, when the words ''plea in abatement'' were stricken out, and the word ''demurrer'' inserted in lieu thereof, and the word ''so'' inserted, as it now appears in Section 13791.

We have held that a demurrer is ''a plea in abatement.'' *State v. Boggs,* 166 Iowa 452. We have not held that a demurrer is the only pleading which could constitute ''a plea in abatement'' in the previous statute. We have held that what is now Section 13946 of the Code is modified by what is now Section 13791 of the Code. *State v. Gregory,* 198 Iowa 316. We there said:

''We think it must be held that Section 5426 [now Section 13946] is modified by the later enactment of Paragraph 9 of Section 5289 [now Section 13791], relating to waiver of defects in an indictment. To hold otherwise would be to say that Paragraph 9 [of Section 5289, now 13791] means nothing.''

In *State v. Costello,* 200 Iowa 313, we held that a defendant could not raise by motion in arrest of judgment the objection as to the insufficiency of the indictment which could have been raised by demurrer.

Could the defendant in the instant case have raised by demurrer the objection of duplicity which he is now urging by motion in arrest of judgment? It appears that this question was briefly discussed, but undetermined, in *State v. McAninch,* 172 Iowa 96. It may be claimed that we there held that duplicity is not reached by demurrer; but it is apparent that we did not so hold, and that what is said upon that subject was pure dictum.

An indictment which charges two offenses, whereas only one is chargeable therein, contains matter both of substance and form, within the meaning of Section 13791. Therefore, the objection might have been raised by demurrer, and not having been so raised, was waived by the defendant; and the objection by motion in arrest of judgment is of no avail to the defendant, and, as contended by the State, the court was in error in sustaining same as to Count 2 of the indictment. It must be borne

988

in mind that Section 13791 of the Code is legislation enacted long after the enactment of Section 13946, and the latter section is modified by the former, as previously held by us in *State v. Gregory,* supra.

It is thus manifest that defendant, by failing to demur to the indictment, has waived the objection he is now seeking to urge by motion in arrest of judgment. What is said in *State v. Gardner,* 174 Iowa 748, and *State v. Burns,* 190 Iowa 6, and any other of our previous cases, contrary to the foregoing, is hereby overruled.

Our conclusions necessitate an affirmance of the judgment on defendant's appeal and a reversal upon the State's appeal.— *Affirmed* on defendant's appeal; *reversed* on the State's appeal.

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.