STATE OF IOWA, Appellee, v. JOE LEASMAN, Appellant.

No. 39265.

852

*Phil R. Wilkinson* and *Wisdom & Wisdom,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

WAGNER, J.—On the 6th day of October, 1927, the defendant, Joe Leasman, and one Arthur Frey were jointly charged by an indictment consisting of two counts. The first count of the  indictment charges that the said Joe Leasman and Arthur Frey, on or about the 29th day of August, 1927, did break and enter into a building, to wit, a granary in which goods and other valuable things, to wit, timothy seed, were kept for use, with the specific intent to then and there commit a public offense, to wit, the crime of larceny in a building, etc. The second count of the indictment charges that the said Leasman and Frey, on or about the 29th day of August, 1927, did feloniously take, steal, and carry away from a building, to wit, a granary, seven bushels of timothy seed of the value of $9.10, etc.

The defendants were granted separate trials. Frey was first

tried and convicted, and perfected an appeal to this court. For opinion in said case, see *State v. Frey*, 206 Iowa 981.

On October 8, 1927, the defendant, Leasman, entered a plea of not guilty. Thereafter, only for the purpose of a demurrer to be filed, the defendant withdrew his plea of not guilty. In his demurrer he states:

"(1) That it appears upon the face of said indictment that it charges the defendant with two separate, distinct, and disconnected offenses; (2) that it appears upon the face of said indictment that this defendant is charged with two offenses which are distinct, separate, and not compound offenses; (6) that it appears upon the face of the indictment that two complete, distinct, and unconnected crimes are charged therein, which said crimes do not constitute a compound offense."

On October 25, 1927, said demurrer was presented to the court, and overruled. On December 5, 1927, upon motion of the county attorney, the second count of the indictment was dismissed. On December 12, 1927, the trial was begun, and as a result of the trial, the jury returned a verdict of guilty "of the crime of breaking and entering, as charged in the indictment."

On December 30, 1927, defendant's motion for a new trial and his motion in arrest of judgment were overruled, and judgment pronounced, committing the defendant to the Men's Reformatory at Anamosa for an indefinite period, not exceeding ten years. From this judgment, the defendant appeals.

It is the defendant's contention that the court erred in overruling his demurrer, and this complaint of the defendant's presents the first question for our consideration. The defendant's demurrer is to the effect that the indictment is bad for duplicity, in that it charges two separate and distinct offenses, to wit: (1) breaking and entering a building with the specific intent to commit the crime of larceny, and (2) larceny in or from a building. It is provided by our statutory law, Section 13737 of the Code of 1927, that, with certain exceptions hereafter to be noted, the indictment must charge but one offense. One exception is found in Section 13738 of the Code, which provides:

"In case of compound offenses where in the same transaction more than one offense has been committed, the indictment

may charge the several offenses and the defendant may be convicted of any offense included therein.''

Burglary or breaking and entering is not a compound offense which includes larceny. *State v. McFarland,* 49 Iowa 99; *State v. Ridley and Johnson,* 48 Iowa 370; *State v. Rhodes,* 48 Iowa 702; *State v. Frey,* supra. Therefore, there  was no warrant for charging both breaking and entering and larceny in the same indictment, by reason of the provisions of the section just quoted.

Another exception to Section 13737 of the Code, hereinbefore referred to, is the statute which was enacted by the forty-second general assembly, now found in Section 13738-b1 of the Code, which provides:

''An indictment may charge in separate counts: (1) A burglary and one or more other indictable offenses *committed in connection with said burglary.* The term 'burglary' shall embrace any violation of Sections 12994 to 13004, inclusive.'' (The italics are ours.)

It was claimed by the defendant in *State v. Frey,* supra, that this same indictment was bad for duplicity; but the objection was therein raised by motion in arrest of judgment, instead of by demurrer, and we held that, since the question was not raised by demurrer, the objection had been waived by the defendant, and we found it unnecessary to determine whether the crime of breaking and entering the building with intent to commit larceny, and the crime of larceny from the building, were properly charged in the indictment. In the instant case, the question is properly raised by demurrer. Hence, we must now determine whether the two offenses are properly charged in the two separate counts of the indictment, by reason of the provisions of Section 13738-b1 of the Code, hereinbefore quoted. As said in the *Frey* case:

''It will be observed that the indictment does not in terms charge that the larceny from the building charged in Count 2 was committed in connection with the breaking and entering charged in Count 1.''

Perhaps it was the intention of the county attorney, in draw-

ing the indictment, to comply with this section of the Code; but his intention cannot be allowed to prevail unless he has, in fact, done so. A defendant is not put on trial on the intentions of the county attorney not expressed in the indictment. The statutory law is plain and unambiguous. It has not been complied with, in that there is an absolute failure to allege that the crime of larceny was committed *in connection with* the crime of burglary or breaking and entering. By reading the two counts, one might guess or surmise, but could not determine with any definite degree of certainty that the crime of larceny charged in Count 2 was committed *in connection with* the crime of breaking and entering charged in Count 1. It is true that the location of the granary in each count is identical, and the date is identical; but  it has been repeatedly held, and the rule is so well recognized as not to require the citation of authorities, that the allegation in the indictment as to the date or time of the commission of the offense is immaterial, and that it is sufficient if the evidence shows that the crime was committed at any time prior to the finding of the indictment and within the period of the statute of limitations. This applies to the time of the commission of the offense charged in either count of the indictment. There is no allegation in the indictment which ties together the two offenses and alleges their commission as a part of the same transaction. If the defendant should rely upon the allegations of the indictment as charging that the crime of larceny charged in Count 2 was committed in connection with the crime of breaking and entering charged in Count 1, he might be met with proof by the State that the crime of larceny charged in Count 2 was committed at another time, even on the same day, and not *in connection with* the breaking and entering charged in Count 1. In that event, should objection be made by the defendant to the evidence that it tends to establish a separate and distinct offense not charged in the indictment, the court would be justified in overruling the objection. There is only one proper way for the defendant to raise the question, and that is, as held in *State v. Frey,* supra, by demurrer to the indictment before the jury is sworn on the trial of the case, as was done by the defendant in the instant case. The indictment was bad for duplicity, and the

action of the court in overruling the demurrer was clearly erroneous.

However, it is the contention of the State either that the dismissal of Count 2, on motion of the county attorney, before the trial on Count 1, cured the error, or that the defendant has been in no way prejudiced, since he has been tried only on Count 1. The State in its argument declares:

"In so far as the defendant is concerned, he stood in the same position on the trial as though his demurrer attacking the joining of the two offenses in the same indictment had been sustained and the second count stricken by the court."

The fallacy of the State's argument is that the court could not cure the error previously committed by dismissing a single count. The defendant raised the question of duplicity at the proper time and in the proper manner. It cannot be successfully asserted that the indictment attacked for duplicity is partially good and partially bad. It is either wholly good or wholly bad. The court held, in substance, that it is wholly good. We hold that it is wholly bad. The court should have sustained the demurrer; and, had it done so, it was then its duty, under Section 13797 of the Code, to determine whether the objection to the indictment could be remedied or avoided in another indictment, and if so, order the cause to be resubmitted to the grand jury. See *State v. Sexsmith*, 202 Iowa 537. In the cited case, this court made the following pronouncement:

"We are of the opinion that the statute must be construed as providing that, upon the sustaining of a demurrer to the indictment on the ground that it does not substantially conform to the requirements of the statute, *the defendant can only be further prosecuted for the same offense by a compliance with Section 13797 * * *.*" (The italics are ours.)

The *Sexsmith* case was twice on appeal in this court. In the first case, reported in 200 Iowa 1244, this court held that the lower court should have sustained the demurrer to the indictment, and reversed solely for that reason.

There was no attempt by the county attorney to follow the statutory law provided for an amendment to the indictment. The statutory law provides the procedure for the amending of an indictment. Section 13744 of the Code provides:

"The court may, on motion of the State, and before or during the trial, order the indictment so amended as to correct errors or omissions in matters of form or substance."

It is provided by the following Section 13745 of the Code:

"If the application for an amendment be made before the commencement of the trial, the application and a copy of the proposed amendment shall be served upon the defendant, or upon his attorney of record, and an opportunity given the defendant to resist the same."

No attempt was made, in accordance with the aforesaid statutory law, to obtain an order of court granting the right or authority to amend the indictment; no notice was served upon  the defendant; no opportunity was given him to resist the same. We need not and cannot determine whether the defendant could have made such resistance as would have been valid. We do not know what legal, or perhaps constitutional, objection he might have raised by way of resistance to an amendment, had he been served with notice and given an opportunity, as provided in the statutory law, to make resistance. At any rate, it is not claimed by the State that it made an attempt, under the statutory law, to amend the indictment.

The State, in its argument, refers to the fact that certain counts in an indictment charging separate violations of the intoxicating liquor law are frequently dismissed by the county attorney, leaving for trial only the remaining counts. There is no question about the legality of so doing; for, under Section 1953 of the Code, indictments for such offenses may allege any number of violations by the same party in separate counts, and the accused may be convicted and punished upon each one, as on separate informations or indictments. But there is a vast difference between dismissing a count of an indictment which is wholly good and has not been attacked, and a count of an indictment which is wholly bad, and has been properly attacked

858

and the ruling made. The indictment which is wholly bad and properly attacked can be made good, if at all, only by an amendment, after following the statutory procedure, by giving the defendant notice and giving him an opportunity to make resistance, or by the court's ordering the case resubmitted to the grand jury, and the return by that body of a valid indictment. It cannot be successfully asserted that no prejudice has been committed against the defendant; for, if the demurrer had been sustained, as it should have been, and the case resubmitted to the grand jury,—which is the most the court can do, upon sustaining a demurrer,—that body might not reindict for the crime of breaking and entering with intent to commit larceny, or for any other offense.

We make no pronouncement as to whether the State, by following statutory procedure, could amend an indictment after the ruling of the court in either sustaining or overruling a demurrer thereto, as that question is not before us.

It cannot be successfully asserted that the errors of which defendant complains are mere technical errors or defects, which do not affect the substantial rights of the defendant, as mentioned in Section 14010 of the Code.

Many other alleged errors are assigned by the defendant, which, from what we have hereinbefore stated, become unnecessary for us to consider.

We cannot escape the conclusion that the indictment was bad for duplicity, and that the demurrer should have been sustained.

The judgment below must be reversed, and it is so ordered.— *Reversed.*

ALBERT, C. J., and EVANS, STEVENS, MORLING, KINDIG, and GRIMM, JJ., concur.