STATE OF IOWA, Appellee, v. JAMES W. LOUCKS, Appellant.

No. 41897.

April 3, 1934.

Rehearing Denied September 20, 1934.

C. D. Meloy, and Carlos W. Goltz, for Appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and R. G. Rodman and John F. Loughlin, for appellee.

Stevens, J.—The indictment in this case is in two counts. In the first count, appellant is charged with the crime of breaking and entering a building in the nighttime and in count 2 with the larceny of certain goods and property stored therein. Both counts of the indictment were submitted to the jury and a conviction had thereon. The judgment of the court provided that the sentences should run concurrently. The building entered was a warehouse situated in Larrabee, Iowa, and the goods and property taken therefrom consisted of twenty sacks of Black Hawk hog feed or tankage and sixteen sacks of oil meal alleged to be of the aggregate value of $64.

Appellant was aided and abetted in the commission of the crimes charged by Roy McManus and Melvin J. Waddell. The

two participants in the commission of the crime with the defendant were called and testified upon the trial as witnesses for the state. The record of their testimony shows in detail the facts of the breaking and entering and the larceny of the property above indicated. The warehouse was in an inclosure which was entered by McManus and Waddell by breaking a padlock on a gate of the inclosure. Entrance into the warehouse was through a sliding door in the building which was not locked. Appellant was not present at the time the inclosure and the warehouse were first entered. He arrived on the scene a few minutes later and participated in the larceny and the concealment of the property in a grove some distance from the warehouse. Ample evidence was introduced from which the jury could find that the breaking and entering and the larceny was in pursuance of a prior agreement and arrangement between appellant and the other parties named. The offenses were committed on the night of May 8, 1931, or the early morning of the succeeding day. Appellant and McManus were arrested in Oklahoma a few days later on a warrant charging them with the commission of the offenses set up in the indictment and returned to Cherokee. Numerous propositions are presented by appellant for reversal. Many of them are without sufficient merit to justify particular reference or discussion in this opinion.

I. Neither Roy McManus nor Melvin J. Waddell was called as witnesses before the grand jury, and, of course, their names were not indorsed on the indictment. Notice of the introduction of their testimony was served upon the defendant. Introduction of the notice in evidence and the testimony of the aforesaid witnesses was objected to by appellant upon the ground, among others, that the notice was insufficient in that it failed to state with sufficient detail the matters which the state would seek to prove by the said witnesses to enable the appellant to prepare for trial. In connection with the objection to the introduction of the testimony of the two alleged accomplices, appellant filed a motion for a bill of particulars and to require the state to set out the testimony to which it claimed the witnesses would testify in detail, specifying certain particulars in the motion. The objections to the testimony and the motion for a bill of particulars were both overruled. The ruling of the court was obviously correct. No doubt, the notice might have been somewhat more specific in the statement of the proposed testimony. It, however, complied substantially with the

requirements of section 13851 of the Code, and this was sufficient. State v. Butler, 157 Iowa 163, 138 N. W. 383; State v. Harding, 204 Iowa 1135, 216 N. W. 642; State v. Mullenix, 212 Iowa 1043, 237 N. W. 483.

We deem it unnecessary to set out the contents of the notice. The name, place of residence, and occupation of the witnesses was stated and the particular transaction and incidents as to which the witnesses would be examined were stated with sufficient clearness to inform appellant of the nature and scope of the proposed testimony, and to enable him to prepare for trial. As the witnesses were accomplices in the commission of the crime, appellant was already apprised of what they, in fact, knew. The allegations of the indictment were full and complete.

II. As previously stated, appellant and McManus were apprehended and arrested in Oklahoma eight or nine days after the commission of the crime. The court gave an instruction on the subject of flight. The instruction was in form and substance sufficient and involved the usual elements. All of the evidence relating to the apprehension and arrest of appellant was objected to by counsel upon the grounds that the answers to some of the interrogatories were mere conclusions and that no proper foundation had been laid for the introduction of testimony tending to establish flight. No direct or specific testimony showing that the defendant actually knew that he was suspected of the commission of the crimes charged or that he was about to be arrested was introduced. There is evidence, however, indicating such knowledge on the part of the appellant as to matters relating to the crime as would materially tend to at least arouse apprehension in his mind as to the probability of arrest. The disappearance was immediately after the commission of the crime. The explanation offered thereof in appellant's behalf was partial only and quite unsatisfactory. He in no way sought to account for his presence in Oklahoma. Direct proof of the fact of knowledge of his possible arrest is not necessary. We said in State v. O'Meara, 190 Iowa 613, 177 N. W. 563, that proof of such knowledge is not essential where the commission of the offense is recent. The record contains evidence from which the jury might have properly inferred that appellant knew that the hiding place of the stolen property had been discovered and that it was known that he was in the immediate vicinity of the place of concealment early on the morning of May 9th. The proof was

abundant to justify the submission of the issue of flight to the jury. State v. Bige, 195 Iowa 1342, 193 N. W. 17; State v. Harding, 204 Iowa 1135, 216 N. W. 642.

In so far as the testimony of the witnesses relating to the apprehension of appellant in Oklahoma and to conversations with him were mere conclusions, little need be said. Some of the answers of the witnesses were in the nature of conclusions but the answers were followed up with proof of the details. Appellant could have suffered no prejudice on account of the answers of the witnesses to some of the questions being in the nature of conclusions.

■ ■ III. Objection was also interposed to the details of the crime by the witnesses McManus and Waddell upon the ground that there was a total lack of the corroboration essential to the state's case and that the appellant may not be convicted upon uncorroborated testimony of an accomplice. The contention as to absence of corroboration is without merit. Corroboration, such as is required in cases of the character before us may be wholly circumstantial. Appellant, with the two companions named, was seen in the immediate vicinity of the grove in which the stolen property was concealed early the morning of May 9th. By the testimony of other witnesses, his car was sufficiently identified as one of the cars in which the stolen goods were transported to the place of concealment. The evidence of corroboration was ample. State v. Farris, 189 Iowa 505, 178 N. W. 361; State v. Patten, 191 Iowa 639, 182 N. W. 788; State v. Hetland, 141 Iowa 524, 119 N. W. 961, 18 Ann. Cas. 899; State v. Bittner, 209 Iowa 109, 227 N. W. 601; State v. Johnson, 211 Iowa 874, 234 N. W. 263.

■ ■ IV. At the conclusion of the state's evidence, the defendant filed a motion to require the state to elect upon which count of the indictment it desired to ask a conviction. The motion was overruled. The indictment was not open to the criticism pointed out in State v. Leasman, 208 Iowa 851, 226 N. W. 61. The indictment in all respects complied with the requirements of section 13737-b1, Code 1931.

It is true that burglary or breaking and entering is not a compound offense with larceny, but it is also true that, when the two offenses are committed in connection with each other, they may be charged in separate counts of the same indictment. Count 1 of the indictment charges the commission of the crime of breaking and entering on May 8, 1931. The building entered is described as a

warehouse situated in the town of Larrabee, Cherokee county, in which goods, merchandise, and valuable things were deposited and kept for sale. The indictment also charges that the entry was with the intent to commit the crime of larceny.

Count 2 charges the crime of larceny as committed at the same place, at the same time, from the same building, and on the same date. Thus the indictment sufficiently complied with the statute. State v. Frey, 206 Iowa 981, 221 N. W. 445; State v. Leasman, supra. Nor was the indictment bad for duplicity, and, if it were, it could only be taken advantage of by demurrer. State v. Frey, supra. The evidence was abundant to establish both of the crimes charged, and the motion to require the state to elect upon which count it would proceed was properly overruled.

V. The court in one or more of its instructions stated the punishment provided by law for each of the offenses. The jury had nothing to do with the punishment which might be inflicted upon conviction of the crimes charged. The statement to the jury of the possible punishment to be inflicted in an instruction has been repeatedly condemned. It should not be necessary to again repeat the caution. This court has, however, repeatedly said that a reversal will not be based upon this ground alone. State v. O'Meara, 190 Iowa 613, 177 N. W. 563; State v. Purcell, 195 Iowa 272, 191 N. W. 849; State v. Reid, 200 Iowa 892, 205 N. W. 517.

VI. Numerous exceptions were taken to the instructions, but few of such exceptions are relied upon for reversal. The exceptions covered by appellant's brief and argument, with the exception of the one already noted, are so wholly without merit as not to require separate consideration. We have examined each paragraph and the charge as a whole with the care the importance of this case demands. We are satisfied that appellant had a fair trial. Construed and considered together, the instructions as a whole are unobjectionable and amply protected every right of the appellant. Few charges to juries are perfect, and necessarily there is more or less variance in the phraseology employed. Some of the instructions given might well have more fully elaborated the subject, but, considered as a whole, we are clear that no reversible error was committed therein. The evidence of guilt in this case is clear and conclusive. It does not by any means rest alone upon the evidence of accomplices. It is not claimed that the evidence, if competent, is insufficient to sustain the verdict. Each and every exception and contention of counsel

for appellant has been given due consideration and weight. We have discussed all of the propositions that, in the judgment of the court, present any merit. The conclusion is inescapable that the verdict of the jury and the judgment of the court thereon is just and proper and should be and is affirmed.—Affirmed.

CLAUSSEN, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.