## LAU v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. July 20, 1926.)

No. 7358.

**I. Indictment and information ⊙═125(42).**

Count is not duplicitous because, in addition to charging sale of liquor, it avers for purpose of more severe punishment that it was a second offense.

**2. Criminal law ⊙═1202(4)—Objection having been general, admitting record of former conviction, without proof of defendant's being the same person, held not error.**

There was no error· in admitting record of former conviction and judgment thereon, though there was no proof that defendant was the same person, court's attention not having been called to necessity of showing identity, but objection having been general, especially where defendant had admitted he paid the fine imposed by the former judgment.

**3. Criminal law ⊙═730(I).**

Generally, improper remark of counsel will not justify reversal, where court stated to jury that it was improper and should be disregarded, and no further objection was made or exception taken.

**4. Criminal law ⊙═730(12).**

Remark of counsel, "we have the kind of bootleggers on trial," in view of court's direction of jury to disregard it, *held* not prejudicial.

**5. Criminal law ⊙═1202(5).**

Where indictment, in the same count that offense was charged, charged that it was second offense, separate finding on second offense was unnecessary; but verdict of guilty "as charged" was sufficient.

**6. Criminal law ⊙═971(I).**

It is too late to object to form of verdict in motion in arrest of judgment.

In Error to the District Court of the United States for the Southern District of Iowa; John C. Pollock, Judge.

Al Lau was convicted of violation of the National Prohibition Act, and brings error. Affirmed.

William B. Schroder, of Rock Island, Ill., for plaintiff in error.

Ross R. Mowry, U. S. Atty., of Newton, Iowa (Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, and Frank F. Wilson,

*Rehearing denied October 11. 1926.

Asst. U. S. Atty., of Mount Ayr, Iowa, on the brief), for the United States.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

TRIEBER, District Judge. The plaintiff in error, hereinafter referred to as the defendant, was indicted in two counts for violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged the violation to be the second offense. A demurrer to the indictment was by the court overruled, and upon a trial to a jury he was found guilty on the first count and judgment entered on the verdict.

The demurrer to the first count, which is the only count before us, is that it is duplicitous.

The assignments of error, so far as it is necessary for a determination of the writ of error, are:

(1) The court erred in overruling the demurrer.

(2) That there is no proof that the defendant is the same person, who was formerly convicted and sentenced for selling intoxicating liquors, and the court erred in overruling defendant's objections to the introduction of a certified copy of the record of the former conviction.

(3) The verdict of the jury is the result of prejudice, in that the United States attorney, in his closing address to the jury, used highly prejudicial and inflammatory argument, in that he said, "In the first place, we have the king of bootleggers on trial," which, although objected to by counsel, and sustained by the court, was of such a highly prejudicial and inflammatory nature that the verdict is the result of prejudice so created by the remarks of the United States attorney.

(4) The verdict of the jury is null and void for the reason that there was no finding by the jury that the defendant has theretofore been convicted of selling intoxicating liquors.

[1] The first count charged the defendant with a sale of intoxicating liquors on or about the 13th day of February, 1925, at 425½ West Third street, in the city of Davenport, Iowa, and that it was a second offense, having been theretofore on April 25, 1923, convicted and sentenced for a sale of intoxicating liquors on October 14, 1922.

There is no duplicity in this count. The only object of setting out the former conviction and judgment thereon is that, if established, a more severe punishment could be inflicted as provided by the act.

[2] Nor was it error to admit the record of the former conviction and judgment. The only objection made to the introduction of the record was general and failed to call the court's attention to the necessity of showing that this defendant is the same person. Had the court's attention been called thereto, it no doubt would have required such proof before admitting the record in evidence.

A general objection of this nature is insufficient, and it is too late to make a specific objection for the first time when the cause is in the appellate court. But aside from this the defendant admitted that he had paid the fine imposed by the judgment in the former case to the clerk of the court before the record was admitted, so this part of the indictment is undisputed. There is no merit in this contention. Black v. United States (6th C. C. A.) 7 F.(2d) 469.

[3, 4] As to the remarks of the United States attorney, claimed to have been prejudicial, the bill of exceptions shows that on objection to this remark the court stated to the jury: "That will be stricken out. There is no such evidence in this case." No further objection was made by counsel after this statement by the court and no exception taken.

It is the general rule that improper remarks in argument by counsel, although prejudicial, will not justify a reversal, if the court stated to the jury that the remark is improper and should be disregarded and no further request is made and no exceptions saved. McDonough v. United States (9th C. C. A.) 299 F. 30.

It is only in exceptional instances that such withdrawal does not cure the error. Pennsylvania Co. v. Roy, 102 U. S. 451, 459, 26 L. Ed. 141; Hopt v. Utah, 120 U. S. 430, 442, 7 S. Ct. 614, 30 L. Ed. 708; Graf v. Holcombe (8th C. C. A.) 277 F. 687, 690; Remus v. United States, 291 F. 501, 510 (6th C. C. A.).

A careful review of the evidence sustains the verdict of the jury, and in view of the action of the court in directing the jury to disregard it, the remark was not prejudicial. McCormick v. United States, 9 F.(2d) 237; Davis v. United States, 9 F.(2d) 826, decided by this court. It is proper to call the attention of prosecuting officers to limit their addresses to the jury to the facts established by proper evidence and to abstain from statements not warranted by the evidence.

[5] As to the failure of the jury to find that this was a second offense, it is sufficient to say that the verdict is responsive to the charge in the first count of the indictment. It charges in that count the sale of intoxicating liquor

and a former conviction for selling intoxicating liquors. The verdict is guilty "as charged," which includes the former conviction.

In Massey v. United States, 281 F. 293, decided by this court, and other authorities relied on, the indictment charged that it was a second offense in separate counts, and therefore required a separate finding.

[6] No objections were made to the verdict nor the attention of the court called to it at the time. The first time it was noted by the defendant was in the motion in arrest of judgment. It was then too late.

There are other assignments of error, but they are so clearly without merit that it is unnecessary to pass on them. The verdict is amply sustained by the evidence, and the judgment thereon is affirmed.