STATE OF IOWA, appellee, v. JOHN L. BIGGINS, appellant.

No. 48372.

(Reported in 63 N.W.2d 292)

MARCH 9, 1954.

REHEARING DENIED MAY 7, 1954.

John S. Redd, of Sidney, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and John R. Thornell, County Attorney, of Sidney, for appellee.

SMITH, J.—The indictment, as originally drawn, charged the commission of the crime as a "second offense" in that defendant had been previously convicted of a similar offense in November *1930*. Defendant demurred to the indictment on the ground the alleged former offense was "under a prior and different statute, and * * * not in law, or in fact, a prior offense, or conviction, under or within the purview of section 321.281 * * *." Thereafter the court made the following calendar entry: "Defendant's demurrer to indictment having been previously heard and taken under advisement comes on for final ruling. It is the order of this court that the words 'second offense' and all reference to 1930 conviction be and they are hereby stricken from said indictment."

Again defendant demurred urging that the court "had in legal effect sustained defendant's previous demurrer" and that since the cause had not been resubmitted to the grand jury the ruling had become a final judgment and "a complete legal defense or bar to the indictment."

The trial court overruled this second demurrer and also various subsequent motions urging substantially the same proposition. Defendant appeals from a judgment based upon a verdict of guilty.

Defendant first predicates error upon the proposition that his first demurrer was in effect *sustained* and the court having failed to resubmit the cause to the grand jury the ruling was final and a bar to further prosecution under the indictment and the court should have so ruled on the second demurrer. He contends, in the alternative, that if the legal effect of the ruling was to *overrule* the first demurrer, then the court erred in attempting to amend the indictment and in not resubmitting the matter to the grand jury.

The State argues that: The first demurrer, which went to the sufficiency of the whole indictment, was properly overruled; the statutory provision authorizing a more severe penalty for a second offense is no part of the crime and pertains only to the punishment that may be imposed; unnecessary allegations in an indictment may be disregarded as surplusage and do not render the indictment demurrable; and withdrawal of an allegation of a prior conviction does not partake of the nature of an amendment nor result in a charge of a different offense.

I.   Code section 321.281, Iowa Code, 1950, so far as pertinent here, declares: "Whoever, while in an intoxicated condition * * *, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished, for the first offense by * * *; for the second offense by * * *; and for a third offense by * * *."

We have quite recently said this section "merely provides for increased punishment for second and third offenses." State v. Barlow, 242 Iowa 714, 721, 46 N.W.2d 725, 729; State v. Finnegan (1952) 244 Iowa 166, 171, 55 N.W.2d 223, 225. In the last cited case the indictment alleged *three* prior convictions, not merely two. The defendant demurred to the indictment on the ground it actually charged defendant with a *fourth* offense whereas the statute "provided no punishment for any offense higher than the third." The trial court permitted the State, on its motion, to amend the indictment by striking the allegation pertaining to the first previous conviction, overruled the demurrer, and upon trial there was a verdict of guilty, second offense.

We there held the original indictment was not demurrable,

that it charged only a third offense "as defined in section 321.281", that the allegation of an additional offense was surplusage and might have been disregarded under section 773.30, Code, 1950, and said: "However, we will say we have no doubt of the propriety of permitting the amendment to the indictment. * * * it merely eliminated an unnecessary allegation which without the amendment could have been disregarded as surplusage." State v. Finnegan, supra, citing State v. Gardiner, 205 Iowa 30, 33, 215 N.W. 758, and other authorities.

In the Barlow case, supra, the information alleged and the jury found two prior convictions. We held the evidence insufficient as to one, but that such failure of proof of one prior offense did not require a reversal of the whole case and merely remanded for resentence accordingly. 242 Iowa, at page 720 et seq. (Division VI).

II. Defendant's whole argument is based on the erroneous thesis that the effect of the first ruling of the trial court striking from the indictment all reference to a prior offense was to make it charge a different offense from the one originally alleged. The premise is unsound. The indictment still alleged the same primary offense, viz.: "Operating a motor vehicle while intoxicated * * * upon the public highways of the state of Iowa." In a case involving an analogous "second offense" statute (section 1964, Iowa Code, 1924) we said: "In a strict legal sense, within the purview of the statute, the former conviction is not germane to the primary issue, but relates to the penalty to be imposed by virtue of a prior conviction." State v. Parsons, 206 Iowa 390, 394, 220 N.W. 328, 330. And in State v. Lambertti, 204 Iowa 670, 673, 215 N.W. 752, 753, we said: "The charge of a former conviction was in aggravation, and to increase the punishment." See also Lau v. United States (C.C.A., 8 Cir., Iowa) 13 F.2d 975, 976: "The only object of setting out the former conviction and judgment thereon is that, if established, a more severe punishment could be inflicted as provided by the act."

The cases all agree the offense which is the immediate subject of the indictment is the same basic crime whether it be the first, second or third offense. We have held it has two

elements: Intoxication of defendant; and driving by defendant upon the public highway while so intoxicated. State v. Boyle, 230 Iowa 305, 306, 297 N.W. 312; State v. Hiatt, 231 Iowa 499, 501, 1 N.W.2d 664. The indictment, without the reference to a prior offense, alleged these elements in substantial compliance with Code section 773.3.

It follows therefore that no surplusage, either repugnant or merely unnecessary, could render it insufficient or invalid. Code sections 773.29, 773.30. Assuming (without deciding) that the alleged prior offense was not "within the purview of section 321.281", as defendant urged, his remedy was not by demurrer to the indictment (see Code section 777.2) but by timely attack on the offending part.

The court by its ruling either treated the demurrer as such an attack and as such sustained it; or on its own motion struck the language complained of and in effect overruled the demurrer. The result was the same in either case and gave defendant the maximum relief he was entitled to. The State does not complain and defendant was not prejudiced by the manner in which the result was reached.

We are convinced no reversible error is shown.—Affirmed.

All JUSTICES concur.