STATE OF IOWA, appellant, v. JOSEPH R. EICHLER, appellee.

No. 49204.

(Reported in 83 N.W.2d 576)

June 4, 1957.

Rehearing Denied September 20, 1957.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and William M. Tucker, County Attorney, for appellant.

Edward L. O'Connor, of Iowa City, for appellee.

THOMPSON, J.—A story widely told among lawyers concerns the trial judge who, being advised that his proposed ruling upon a matter then before him was directly contrary to holdings of the court of last resort of his State, said: "Did they say that? Well, they are going to have to say it again." It appears that this is not merely an old lawyers' tale. Such things do happen. The learned trial court, in the matter now before us, criticized our previous decisions upon a crucial point there involved, announced its entire disagreement, and in effect overruled them. We have read with care the court's opinion and reasoning as set out in the record before us, but we are not convinced. We have arrived at the point of saying it again.

On September 15, 1956, the county attorney of Johnson County filed a true information accusing the defendant of the crime of operating a motor vehicle while intoxicated (second offense) and charging that the said defendant had operated a motor vehicle at a certain specified time and place while he was intoxicated, in violation of section 321.281 of the 1954 Code of Iowa.

A second paragraph of the information charged the defendant was guilty of operating a motor vehicle while intoxicated as a second offender because he had been convicted of operating a motor vehicle while intoxicated as a first offender in the District Court of Johnson County, Iowa, on May 22, 1954, and setting out the volume and page of the record of this offense in the district court.

To this information the defendant filed his demurrer, in nine separate paragraphs, which, however, as argued here, raises only two points: 1, that the information charges two distinct crimes, and 2, that the allegation of the conviction of the prior offense fails to charge that it was in violation of any section of the Criminal Code. The trial court sustained the demurrer upon the first point and denied it as to the second.

I. It is evident that the trial court in sustaining the first ground of the demurrer was in direct opposition to long-established precedent and practice in Iowa. Repeated decisions of this court have said that if the State is to rely upon previous convictions to increase the penalty such convictions must be pleaded in the indictment or information and proven beyond a reasonable doubt upon the trial. The trial court recognized this situation, saying:

"The Supreme Court of this state by its decisions or rule of court, and not by any statutory authority, has adopted and promulgated an unreasonable rule requiring a jury in drunken driving cases, where a prior conviction has been set forth, to convict on the prior conviction beyond a reasonable doubt."

Again, the court said: "This analysis of the question involved is to this court an illegal and illogical conclusion."

Finally, the court further said: "* * * with sincere respect for the Supreme Court of this state, I am satisfied that the present procedural rules adopted are contrary to reason; violative of sections 773.1 and 773.35 of the Code of Iowa 1954, and section 10, Article I, of the Constitution of the State of Iowa, and should be changed."

The court accordingly proceeded to make the change by sustaining the demurrer, dismissing the case and discharging the defendant's bond.

It has been said, by the late Mr. Justice Jackson of the United States Supreme Court, that courts of last resort are not final because they are infallible, but rather are infallible because they are final. Criticism of the courts is not new. In a profession in which every case represents a difference of opinion among men, the entity which must resolve these differences is certain to displease someone and it is natural for such displeasure to find expression. Yet it is the prerogative of this court to determine the law, and we think that generally the trial courts are under a duty to follow it as expressed by the courts of last resort, as they understand it, even though they may disagree. If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.

This is particularly true when, as here, it appears that the trial court has acted upon a clearly erroneous assump-

tion. No one will deny that an information charging two separate offenses in one count is bad for duplicity. Section 773.35, Code of 1954; State v. Leasman, 208 Iowa 851, 226 N.W. 61; 27 Am. Jur., Indictments and Informations, section 124. But the information before the court does not charge two separate offenses. It charges an offense of driving while intoxicated, which must be proven; and that there has been a previous conviction of the same offense, so that the defendant is guilty as a second offender. The elements making up the previous offense need not be proven. All that is required at this point is that it must be shown beyond a reasonable doubt that there was a previous conviction and that the present defendant is the identical person who was so convicted.

The Supreme Court of the United States has dealt with the contention made here by the appellee and adopted by the trial court, in these words: *"The allegation of previous convictions is not a distinct charge of crimes,* but is necessary to bring the case within the statute, and goes to the punishment only." McDonald v. Massachusetts, 180 U. S. 311, 313, 21 S. Ct. 389, 390, 45 L. Ed. 542. (Italics supplied.) The same court has also quoted with approval this statement from State v. Graham, 68 W. Va. 248, 251, 69 S.E. 1010, 1011, 40 L. R. A., N. S., 924: " 'The proceedings under the statute are for identification only. *They are clearly not for the establishment of guilt.' "* Graham v. West Virginia, 224 U. S. 616, 624, 32 S. Ct. 583, 586, 56 L. Ed. 917. (Italics supplied.)

The purpose of alleging prior convictions in an indictment for a present offense is made clear in many of our own decisions.

Section 747.4, Code of 1954, says: "Upon any trial when the indictment refers to former convictions of the defendant, the jury, if it finds the defendant guilty, and the court, if the defendant is convicted on a plea of guilty, must also find and determine specially whether the defendant had previously been convicted of either of the crimes referred to in the indictment, and the number of times so convicted."

The appellee seems to think this has no application to additional offenses under section 321.281, the driving-while-intoxicated statute, since section 747.4 is a part of the chapter

on habitual criminals. Without deciding this point, it is clear the procedure outlined in section 747.4 has been followed in prosecutions under section 321.281 for many years and in fact has been the only method approved by this court for showing prior convictions. Section 321.281 makes it an offense to operate a motor vehicle on the public highways of the State while intoxicated, and provides penalties for the first, second, third and subsequent offenses. We have uniformly held that second, third and subsequent offenses must be alleged in the indictment and proved beyond a reasonable doubt before the additional penalties can be imposed. State v. Smith, 129 Iowa 709, 713, 106 N.W. 187, 4 L. R. A., N. S., 539, 6 Ann. Cas. 1023; State v. Lowe, 235 Iowa 274, 277, 16 N.W.2d 226; State v. Barlow, 242 Iowa 714, 718, 46 N.W.2d 725; State v. Gardner, 245 Iowa 249, 261, 61 N.W.2d 458; State v. Biggins, 245 Iowa 903, 905, 63 N.W.2d 292.

The same rule is laid down in 42 C. J. S., Indictments and Informations, section 145b(1), (a): "The general rule requires an indictment or information to allege convictions of prior offenses, where such prior convictions would enhance the punishment * * *." Other jurisdictions have held to the same requirement. People v. Hightower, 414 Ill. 537, 544, 112 N.E.2d 126, 130 ("We do not agree with defendant's contention that his prior conviction should have been deleted from the instrument. * * * we are of the opinion that it is necessary to plead this fact to justify a conviction and sentence under the aggravated penalty clause."); McDonald v. Commonwealth, 173 Mass. 322, 327, 53 N.E. 874, 875 ("It was necessary to allege and prove the previous convictions. * * * *They did not constitute of themselves a crime* * * *.") (Italics supplied.); Evans v. State, 150 Ind. 651, 653, 50 N.E. 820 ("The doctrine that when a statute imposes a greater punishment upon second and subsequent convictions of an offense, the former conviction must be alleged in the indictment and proved at the trial, or the same can only be punished as a first offense, is sustained by the great weight of the authorities."); People v. Rosen, 208 N. Y. 169, 171, 101 N.E. 855, 856 ("It is so well settled as to be conceded upon this appeal that the severer punishment provided by this section cannot be imposed unless the indictment itself charges the prior convic-

tion.") ; State ex rel. Carmody v. Reed, 132 Minn. 295, 296, 156 N.W. 127 ("It is settled in this state in accordance with the great weight of authority that, in order to warrant the imposition of the increased punishment upon second offenders, the prior conviction must be charged in the indictment and also established on the trial * * *.") ; State v. Ruble, 77 N. D. 79, 90, 40 N. W.2d 794, 800 ("* * * it is a general rule recognized in most jurisdictions that where a prior conviction is relied on to enhance the punishment for the offense charged the fact of such conviction must be alleged in the indictment or information * * *."). Many other authorities might be cited to the same effect.

II. Our own cases have said repeatedly that an allegation of a prior conviction does not create a separate crime, but is made only for the purpose of determining the penalty to be imposed upon conviction for the primary offense. State v. Gardner, supra, 245 Iowa 249, 261, 61 N.W.2d 458 ; State v. Biggins, supra, 245 Iowa 903, 905, 63 N.W.2d 292 ; State v. Finnegan, 244 Iowa 166, 171, 55 N.W.2d 223, 225 ; State v. Barlow, supra, 242 Iowa 714, 721, 46 N.W.2d 725, 729 ; State v. Lowe, supra, 235 Iowa 274, 279, 16 N.W.2d 226 ; State v. Parsons, 206 Iowa 390, 393, 220 N.W. 328, 329.

The true situation is well set out in State v. Parsons, supra, 206 Iowa 390, 392, 393, 220 N.W. 328, 329, in these words: *"By the uniform current of authority, the fact of the prior conviction is to be taken as part of the offense instantly charged,* at least to the extent of aggravating it and authorizing an increased punishment." (Italics supplied.)

Of course, if the allegation of former convictions is made merely for the purpose of enhancing the penalty to be imposed upon conviction of the primary offense, then pleading such prior convictions is not the allegation of a separate offense and the information or indictment is not bad for duplicity. It is obvious that there can be no convictions for the prior offenses charged; those convictions have already been had. They mean nothing, except as adjuncts to the primary offense charged. If on trial there is no conviction on the primary offense, the former convictions are meaningless; they can be used only if there is a con-

viction of the instant offense charged. As the United States Supreme Court quoted with approval in Graham v. West Virginia, supra, the proceedings under the prior conviction statutes are in the nature of tests of identification only.

Two cases are cited by the State in which the question of duplicity was raised. In each, the court gave the contention far less consideration than we have given it here. In Lau v. United States, 8 Cir., 13 F.2d 975, 976, it was dismissed with this statement: "There is no duplicity in this count. The only object of setting out the former conviction and judgment thereon is that, if established, a more severe punishment could be inflicted as provided by the act." Little more attention was given to the claim of duplicity in State v. Gohn, 161 Wash. 177, 296 P. 826, 827.

That the charging of prior convictions in the information raises another issue has no bearing upon the question of duplicity. Proof of one crime may require proof of many issues; but each issue is not a separate crime in itself. Thus, in driving-while-intoxicated cases where the accused is alleged to be a second offender, there is first to be determined the defendant's guilt or innocence of the primary offense. For this purpose there are two major issues: Was he operating a motor vehicle upon the public highways, and was he intoxicated? If these are resolved against the defendant the jury must then decide the issues concerning the prior conviction. These again may be said to be two: first, was there a prior conviction of the offense of drunk driving; and second, has the defendant in the prior case been identified as the same person as the defendant in the case at bar? But all these issues relate to one crime: operating a motor vehicle upon the public highways of the State while intoxicated as a multiple offender. See State v. Lowe, 235 Iowa 274, 278, 279, 16 N.W.2d 226; State v. Parsons, 206 Iowa 390, 393, 220 N.W. 328, 329, both supra. We are unable to agree that our previous decisions are either unreasonable or illegal and illogical.

 III. The defendant-appellee argues that the second ground of his demurrer should have been sustained by the trial court. It is of course true that if any ground of the demurrer was well taken the appellee is entitled to an affirmance. Such a result would be required, even though the demurrer was sus-

tained upon a point lacking merit. The second matter raised by the demurrer is based upon the failure of the information to set out the section of the Code under which the defendant was alleged to have been convicted for violating in the prior conviction. The information charged that the defendant had been previously convicted of the crime of operating a motor vehicle while intoxicated at a certain time and place, and set out the volume and page of the district court record of the judgment. This was sufficient. It stated the name given to the offense by statute. This would be sufficient even as to the primary charge. Section 773.3, subsection 1, Code of 1954. The previous offense was so clearly alleged that its nature could not be mistaken, and the volume and page of the record were set out. The contention at this point is without substance.

IV. The appellant has moved to strike appellee's addenda to his brief and argument as filed too late. The motion was submitted with the case. We have examined the authorities set forth in the addenda, but do not find them in point. In view of our holding herein, no ruling on the motion to strike is required.

The cause is remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.—Reversed and remanded.

All JUSTICES concur.