STATE of Iowa, Appellee,

v.

Earl Sandy BLANTON, Appellant.

No. 88–1047.

Court of Appeals of Iowa.

Feb. 22, 1990.

William L. Wegman, State Public Defender, and Brian K. Sissel, Asst. State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James A. Smith, Polk County Atty., and Curt Krull, Asst. Co. Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

In February 1988 Earl Blanton and Billy Johnson entered a vacant home used for the storage of furniture. They returned a short time later and placed two coffee tables in a waiting van driven by John Dady. Blanton and Johnson took the coffee tables

to a pawnshop and sold them for thirty dollars. Dady then drove Blanton and Johnson back to the house. Blanton and Johnson returned to the van carrying a chair and drapes.

Blanton's and Johnson's activities were observed by a neighbor, who called the police. The police apprehended the van a short distance from the scene of the burglary, wherein the police found the chair and drapes. The neighbor identified Blanton and Johnson as the men she saw entering the house.

Blanton and Johnson were subsequently charged with second-degree burglary. Blanton was tried individually. During voir dire jury selection the county prosecutor exercised his fourth peremptory challenge by striking the only black member of the jury panel.

At the close of all the evidence defense counsel requested the court instruct the jury that attempted burglary was a lesser-included offense of burglary in the second degree. The trial court overruled the request. While the jury was deliberating, the jury sent a note to the trial court asking about the definition of second-degree burglary. The trial court telephoned both the prosecutor and defense counsel and obtained their approval for an additional instruction. Blanton, however, was not present during these communications.

The jury subsequently returned a verdict of guilty, and Blanton was sentenced to ten years and assessed a $5000 fine. The trial court denied Blanton's post-trial motion for reduction of penalty.

Blanton asserts on appeal that pursuant to *State v. Jeffries,* 430 N.W.2d 728 (Iowa 1988), the trial court erred in refusing to submit the attempted burglary instruction, since it is required to be submitted to the jury without regard to whether it satisfied any factual test. Blanton also argues the prosecutor's striking of the only black

member of the jury panel violated his right to equal protection of the law. Blanton argues the prosecutor's explanation was not sufficiently race neutral, and therefore represented a demonstrated racially discriminatory act. Finally, Blanton contends he had a right to be present during the trial court's communications with the jury.

## I.

Our supreme court's decision in *Jeffries* changed the approach our courts take in addressing the issue of lesser-included offenses. With two exceptions not applicable to this case, the court abandoned application of the factual test and required trial courts to automatically instruct on lesser-included offenses when the legal test is met. *Jeffries,* 430 N.W.2d at 737.

The State concedes the decision in *State v. Royer,* 436 N.W.2d 637, 640–41 (Iowa 1989), retroactively applies the *Jeffries* decision to Blanton's case. It also admits that pursuant to the test set forth in *Jeffries,* attempted burglary is a lesser-included offense of burglary. The State argues, however, that in cases involving the retroactive application of *Jeffries* we should adopt a "harmless error" analysis.[1] Citing pre-*Jeffries* case law, the State contends that when a record does not contain substantial evidence controverting the dissimilar element found in the greater and not the lesser offense, then failure to submit the lesser offense constitutes harmless error. *See State v. Morgan,* 322 N.W.2d 68, 69–72 (Iowa 1982). The State contends no substantial evidence existed in this case from which a jury could conclude a mere attempt was made to burglarize the property.

We decline to adopt a "harmless error" analysis in this matter. The State's requested harmless error standard is in fact a reinstatement of the factual test rejected

1. As alternatives to adoption of a "harmless error" analysis, the State advocates reinstatement of the pre-*Jeffries* factual basis test or the overruling of that portion of *Royer* which makes *Jeffries* retroactively apply to cases pending on appeal. Each of these alternatives would entail reversal of supreme court decisions. Our su-

preme court has indicated that if its previous holdings are to be overruled, it prefers to do so itself, *State v. Eichler,* 248 Iowa 1267, 1270, 83 N.W.2d 576, 578 (1957), thus the court of appeals is bound by the *Jeffries* and *Royer* decisions.

in *Jeffries*. One of the specific reasons set forth by the supreme court for adoption of the modified approach in *Jeffries* was that it "places the factual determination of a lesser-included offense in the hands of the jury, where it belongs." *Jeffries*, 430 N.W.2d at 738. In light of our supreme court's adoption of the "jury function theory," *id.* at 736, and its determination that "the factual test as previously applied is contrary to logic and invades the province of the jury," *id.* at 741, it would be inconsistent and contradictory to adopt a "harmless error" standard which would restore the factual basis test.

We find it prudent to defer to the supreme court's review questions involving the applicability of a "harmless error" standard to cases pending on appeal when *Jeffries* was decided. As the trial court in this case did not submit the lesser-included offense of attempted burglary, this matter is remanded for a new trial.

## II.

As Blanton's other allegations of error are not the type likely to be repeated upon retrial, we decline to address the propriety of those claims.

REVERSED AND REMANDED FOR NEW TRIAL.