**IN THE COURT OF APPEALS OF IOWA**

No. 14-0808
Filed July 16, 2014

**IN THE INTEREST OF C.P. and K.P.,**
        **Minor Children,**

**J.P., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


An incarcerated father appeals the termination of his parental rights to his

two children. **AFFIRMED.**


Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Janet

Hoffman, Assistant Attorneys General, John P. Sarcone, County Attorney, and

Jennifer Galloway, Assistant County Attorney, for appellee.

Erin Carr of Carr & Wright, P.L.C., Des Moines, for mother.

Nicole Nolan of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor children.


Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

An incarcerated father appeals the juvenile court decision severing his parental rights to his son and daughter. He contends the State did not prove a statutory ground for termination and argues maintaining his rights would be in the children's best interests. Because the State proved the elements of Iowa Code sections 232.116(1)(f) and 232.116(1)(h) (2013) by clear and convincing evidence and the record shows termination will keep the children safe and promote their long-term welfare, we affirm.

## I.      Background Facts and Proceedings

This appeal involves the termination of Justin's parental rights to C.P. (age five) and K.P. (age three).[1] The Department of Human Services (DHS) focused on this family in November 2010 when C.P. suffered severe burns to his foot while in his parents' care.[2] C.P. sustained a partial thickness burn covering two-thirds of his sole and extending to the top of the foot as well as between the toes. The parents claimed the injuries occurred accidentally when the child stepped on a hot oven door. But medical professionals believed the burns were more consistent with immersion into a hot liquid, not a flat-surface contact burn. While being treated at the hospital, C.P. tested positive for opiates not administered by the staff. DHS then requested hair samples from the family for drug testing, but the father, Justin, arranged for family members to shave their heads so the tests could not be completed. In late November, the court confirmed the removal of

---

[1] C.P. and K.P. have three half-siblings who are not the subject of this appeal.
[2] The mother has been involved in the children-in-need-of-assistance (CINA) actions, but her parental rights have not been terminated.

the children and placed temporary custody with a maternal aunt. On January 10, 2011, the juvenile court adjudicated C.P. and K.P. as CINA and placed them in foster care.

Justin misled the court and DHS employees for more than one year until finally admitting the burn occurred when an older sibling lowered C.P. into steaming bath water. Justin acknowledged being home but not supervising the children when the incident occurred. More disturbing is the truth only came to light after the children told the guardian ad litem what had happened and also said they were instructed by their parents to keep it a secret.

In May 2012, the children were removed from their foster family after an allegation of abuse and placed with their maternal aunt. The following month, the court placed the children with the maternal grandmother. A review hearing was held in January of 2013. Justin had not participated in services other than visitation since October 2012. Another hearing was held in April 2013. Again, Justin had not participated in any services and his whereabouts at the time of the hearing were unknown.

In May 2013, Justin broke into the mother's home and wielded a knife. He assaulted the mother's friend and slashed the tires of one of the vehicles outside the home. The children were present during the break-in and an older child was hit in the shoulder during the fight. The court issued an order prohibiting Justin from contacting his children or their mother. Justin was convicted of assault with a dangerous weapon and burglary in the third degree and sentenced to an indeterminate seven-year prison term.

The State filed a petition for the termination of Justin's parental rights on October 11, 2013. The juvenile court held a termination hearing on January 7 and February 5, 2014. Justin testified by telephone from prison. At the hearing, the DHS worker testified Justin had not used the numerous services offered him. The worker also expressed concern over Justin's criminal conduct, domestic violence issues, and substance abuse. The children's guardian ad litem argued in support of termination. On April 29, 2014, the court terminated Justin's parental rights. Justin filed a petition on appeal.

## II.    Standard of Review

We review orders terminating parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's findings, especially assessing witness credibility, though we are not bound by them. *Id.*

## III.    Analysis

The juvenile court terminated Justin's parental rights under Iowa Code sections 232.116(1)(b), (d), (e), (f), and (h). Termination requires proof of only one statutory ground. *In re L.H.*, 480 N.W.2d 43, 47 (Iowa 1992). The State must prove a ground for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The "clear and convincing" standard means we harbor no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

We find termination was appropriate under subsection (f)[3] as to C.P. and subsection (h)[4] as to K.P. as the children could not be returned to the father's

---

[3] The court may order termination if it finds all of the following have occurred:

care at the time of the hearing or in the foreseeable future due to his incarceration.[5] Conviction of a crime and resulting imprisonment do not necessarily result in termination of parental rights. *In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). But by the same token, incarceration cannot justify a parent's lack of relationship with the children. *Id.* Here, the father's pursuit of crime rather than stable parenthood contributed to the grounds for termination.

Justin does not argue the children could be returned to his care. Instead, he claims his rights cannot be terminated under the language of subsections (f) and (h) because the children have been in the care of their mother during twelve of the last eighteen months. Justin points to the word "parents" and claims those provisions do not apply unless the rights of both parents are being terminated.

Iowa Code section 4.1(17) explains how to read such statutory terms, "[u]nless otherwise specifically provided by law the singular includes the plural, and the plural includes the singular." Justin suggests section 232.116 purposely

(1) The child is four years of age or older. (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days. (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[4] The court finds that all of the following have occurred:

(1) The child is three years of age or younger. (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96. (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days. (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[5] Justin testified he would not discharge his sentence until 2016.

differentiates between parent singular and parents plural. Applying section 4.1(17) to section 232.116(1), both the Iowa Supreme Court and our court have allowed termination of the rights of a noncustodial parent when the children are placed with the other parent. *See In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992);[6] *In re C.W.*, 554 N.W.2d 279, 282 (Iowa Ct. App. 1996). The statutes permit the termination of one parent's rights. *See C.W.*, 554 N.W.2d at 282. This construction is consistent with the statutory framework and best interests of the children. *N.M.*, 491 N.W.2d at 155. Termination of Justin's parental rights was proper under these code provisions despite the children being in the care of their mother.

Even when the statutory basis is proved, the decision to terminate must be in the best interests of the children under section 232.116(2). *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). In determining the best interests, we give primary consideration to the children's safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional conditions and needs. *See* Iowa Code § 232.116(2).

Justin contends terminating his parental ties is not in the best interests of C.P. and K.P. He asserts "the children are young enough ages that [his] shortcomings are outweighed by his periods of stability and sobriety." We disagree. Justin's past behavior signals an ongoing safety risk to these young children.

---

[6] Justin argues *N.M.* should be overruled. We are not at liberty to overrule precedent from our supreme court. *See State v. Eichler,* 83 N.W.2d 576, 578 (Iowa 1957).

Justin has a long-standing substance abuse problem that has endangered his children. Justin was using methamphetamine with his brother in 2004 when he left another of one his children in the brother's care—resulting in that child's choking death. Justin served a prison sentence for neglect of a dependent person. Our cases have recognized the great hazard of leaving small children in the care of methamphetamine users. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (quoting *State v. Petithory,* 702 N.W.2d 854, 859 (Iowa 2005)). Then in 2010, C.P. suffered severe burns because Justin was not properly supervising the child's care. In 2013, Justin committed burglary and assault in the presence of the children, and later minimized his criminal actions in his testimony at the termination hearing.

As the juvenile court observed, Justin "continues to engage in criminal activity that has a direct and negative effect on the children." The record also reflects Justin has failed to engage meaningfully in services. Because Justin has been unwilling to make the changes in his life necessary to regain the custody of his children, we find termination of his parental rights is in their best interests.

**AFFIRMED.**