# IN THE COURT OF APPEALS OF IOWA

No. 15-0636
Filed June 29, 2016


**JANE DOE II,**
       Plaintiff-Appellant,

**vs.**

**KEOKUK COMMUNITY SCHOOL DISTRICT
AND MICHELLE LUKUVUSKY, in her official
and individual capacities,**
       Defendant-Appellees.

_____


       Appeal from the Iowa District Court for Lee (South) County, Michael J.

Schilling, Judge.




       Plaintiff appeals from the district court's grant of summary judgment in

favor of the defendants. **AFFIRMED.**



       Roxanne Barton Conlin of Roxanne Conlin & Associates, P.C., Des

Moines, for appellant.

       Steven E. Ort of Bell, Ort & Liechty, New London, for appellees.



       Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Jane Doe II appeals from the district court's grant of summary judgment in favor of the defendants. We review summary-judgment rulings for correction of errors at law. *Bob Zimmerman Ford, Inc. v. Midwest Automotive I, L.L.C.*, 679 N.W.2d 606, 608 (Iowa 2004).

This case is based on Doe's allegations that she was sexually abused by her high school track coach for a period of time beginning in March 2009, when Doe was sixteen years old, until the spring of 2011.

Doe filed a petition and jury demand in February 2013. In response, the defendants filed a motion for summary judgment, in which they asserted Doe's action was barred by the statute of limitations.

Doe resisted the defendants' motion and responded with three arguments. She argued (1) under a common law discovery rule, her claims did not accrue until 2011 when she discovered the causal link between the abuse and her injury; (2) the special statute of limitations for sexual abuse, found in Iowa Code section 614.8A (2013), applied to her claims; and (3) her cause of action did not accrue under the continuing tort action until the last act of abuse occurred in spring of 2011.

In March 2015, the district court concluded none of Doe's arguments applied to save her claims, and as such, they were barred as untimely. The court granted the defendants' motion for summary judgment.

On appeal, Doe does not contest the district court's ruling regarding the applicability of the common law discovery rule or the continuing torts doctrine.

Rather, she asks us to reconsider the applicability of the special statute of limitations found in section 614.8A.

Section 614.8A provides:

> An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

In *Doe v. New London Community School District*, 848 N.W.2d 347, 349, 356 (Iowa 2014), the court reaffirmed its previous holding that the definition of child, within section 614.8A, meant a person under the age of fourteen.

Doe provides several arguments why she believes the interpretation of the term child should be reconsidered. She maintains the use of the criminal code definition of the term is not appropriate and a broader interpretation of the term would allow a larger segment of abuse victims to pursue relief. Additionally, she maintains we should not feel bound by stare decisis nor bolstered by the legislature's inaction following the court's interpretation. She also relies on other areas of case law where the court has recognized the important differences between adults and those individuals under the age of eighteen.

Although we have considered each of Doe's arguments in turn, "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We decline Doe's invitation to reconsider the interpretation of the term "child" within section 614.8A, and we affirm the district court's grant of summary judgment in favor of the defendants.

*See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.").

**AFFIRMED.**