# IN THE COURT OF APPEALS OF IOWA

No. 16-0648
Filed February 22, 2017

**DAN EUGENE HAMPTON,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Dan Hampton appeals from the district court's determination his sentence did not violate the prohibition against cruel and unusual punishment. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Dan Hampton asserts his sentence of life without the possibility of parole imposed following his 1992 conviction for first-degree kidnapping violates the prohibition against cruel and unusual punishment. He acknowledges this claim runs counter to Iowa law and case precedent, but argues the law is obsolete.

Iowa Code section 710.2 (1991)[1] provides that kidnapping is kidnapping in the first degree, a class "A" felony, "when the person kidnapped, as a consequence of the kidnapping, suffers serious injury, or is intentionally subjected to torture or sexual abuse." In this case, the degree of the offense was based on the fact that the victim was dragged from a motel and intentionally subjected to sexual abuse.

Our supreme court has held that life without parole is not a cruel and unusual punishment for the offense of kidnapping in the first degree based on the intentional infliction of sexual abuse.[2] *See Lamphere v. State*, 348 N.W.2d 212, 220 (Iowa 1984). We are not at liberty to overrule controlling supreme court precedent. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014); *State Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We therefore affirm.

**AFFIRMED.**

---

[1] Iowa Code section 710.2 remains substantively unchanged today.
[2] Hampton's reliance on *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), is misplaced because *Lyle* applies to youthful offenders. Hampton was thirty-three years old at the time of the 1991 offense. He also notes that in *State v. Robinson*, 859 N.W.2d 464, 468 (Iowa 2015), the supreme court expressed concerns about the severity of the broad application of sentencing provisions of the kidnapping statute.