## IN THE COURT OF APPEALS OF IOWA

No. 16-0764
Filed February 22, 2017

**BRIAN KELLY ALLISON,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

　　　Appeal from the Iowa District Court for Keokuk County, Myron Gookin, Judge.


　　　Brian Allison appeals the summary dismissal of his second application for postconviction relief. **AFFIRMED.**


　　　Robert E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

　　　Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee State.


　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

This court affirmed Brian Allison's convictions on three counts of third-degree sexual abuse. *State v. Allison*, No. 11-0774, 2012 WL 2819324 (Iowa Ct. App. July 11, 2012). Procedendo issued on September 6, 2012.

In his first application for postconviction relief (PCR), Allison claimed trial counsel was ineffective in not adequately investigating whether a juror was biased. That claim was rejected by the district court, which ruling we affirmed on appeal. *Allison v. State*, No. 14-0925, 2015 WL 5278968, at *2 (Iowa Ct. App. Sept. 10, 2015) (finding Allison had failed to carry his burden of proof to show defense counsel breached an essential duty).

On November 5, 2015, Allison filed a second PCR application, claiming both first postconviction counsel and subsequent appellate counsel were ineffective. The State moved to dismiss the application as having been filed more than three years after procedendo issued and, therefore, beyond the limitations period of Iowa Code section 822.3 (2015).[1] Allison resisted, filing an amended PCR application in which he also asserted:

> b. That there exists evidence of material facts, not previously presented or heard, that requires vacation of the conviction and sentence in the interest of justice. The Applicant has reason to believe that the victim and other witnesses have recanted their testimony thus taking away the factual basis for his conviction.
> c. That changes in the law and particularly the admissibility of expert testimony that tends to invade the providence of the jury

---

[1] Section 822.3 provides PCR applications

> must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period. Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct.

and attempting to bolster the credibility of child victims, would result in a change of verdict.

An unreported hearing on the motion to dismiss was held. The PCR court dismissed the action, noting the claim of ineffective assistance of PCR counsel is not a "ground of fact" within the exception to the three-year statute of limitations for postconviction actions. *See Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003); *see also Whiteside v. State*, No. 15-0534, 2016 WL 4051578, at *3 (Iowa Ct. App. July 27, 2016); *Griggs v. State*, No. 15-0510, 2016 WL 2746051, at *1 (Iowa Ct. App. May 11, 2016); *Bergantzel v. State*, No. 15-1273, 2016 WL 2745065, at *2 (Iowa Ct. App. May 11, 2016); *Everett v. State*, No. 12-1032, 2014 WL 3749338, at *2 (Iowa Ct. App. July 30, 2014). Stating "[t]here is no question this second postconviction action was filed outside the three-year statute of limitations," the PCR court dismissed the action.

Allison appeals, arguing *Dible* is of "questionable value as precedent" and "needs to be revisited and reexamined." That task is not ours. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("While we reverse the judgment of the district court and vacate the decision of the court of appeals, we acknowledge both courts properly relied on our applicable precedent. Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Allison also contends the PCR court did not address his additional claims in his amended PCR application asserting new facts and law. Even ignoring the fact that Allison's failure to seek a ruling on this claim in the district court waives his right to raise it here,[2] his vague and unsupported statements are insufficient to avoid a motion to dismiss. He does not even assert the new facts and law "could not have been raised within the applicable time period." *See* Iowa Code § 822.3. We affirm the dismissal of the untimely PCR application.

**AFFIRMED.**

---

[2] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also LaMasters v. State*, 821 N.W.2d 856, 863-64 (Iowa 2012) (noting Iowa Rule of Civil Procedure 1.904(2) "is one means, but not the only means, for requesting" a ruling on a matter in order to preserve error).