# IN THE COURT OF APPEALS OF IOWA

No. 17-1791
Filed August 15, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KHAM KHIENE KHOANG,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano (motion to suppress) and David N. May (trial), Judges.

Defendant appeals the denial of his motion to suppress. **AFFIRMED.**

Paul J. Statler of Statler Law Firm, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Kham Khiene Khoang appeals his conviction for possession of a controlled substance with intent to deliver, second offense. Khoang claims due process under the Iowa Constitution requires the recording of all police interrogations. He also challenges the court's ruling on his motion to suppress, claiming he was not adequately informed of his *Miranda* rights prior to interrogation. We affirm.

## I. Background Facts & Proceedings

On June 29, 2016, officers obtained and executed a search warrant for a home in Des Moines, Iowa. Also included in the search warrant were the residents, Elizabeth Briseno and Khoang. Police had been surveilling the residence for several months based on multiple tips from informants, including executing controlled purchases of methamphetamine at the residence and examining abandoned trash at the curb found to contain drug residue. One informant specifically identified Khoang as selling methamphetamine.

When law enforcement arrived at the residence to execute the search warrant, they found Khoang sitting outside in the driver's seat of a vehicle. He was taken into custody. An officer told Khoang they had a search warrant for the residence but did not show him the warrant until after the residence was secured. The search yielded Khoang's cellular phone, over $2700 in cash in his pocket, and methamphetamine and paraphernalia with drug residue in the vehicle and residence. Khoang also provided the pass code to his phone. Text messages in the phone indicated Khoang's involvement in dealing drugs.

An officer advised Khoang of his *Miranda* rights, which he stated he understood. Khoang admitted to a daily methamphetamine habit and possessing

methamphetamine. Khoang told the officer he would share his drugs with some people, he had customers he would sell to, and described his sources to purchase methamphetamine from. The interview was not recorded, and Khoang did not sign a written waiver of his *Miranda* rights.[1] Khoang was handcuffed at the time of the interview, leaning against the car he had been seated in. Khoang was charged with possession of methamphetamine with intent to deliver, as a second-offender, in violation of Iowa Code section 124.401(1) (2016).

Khoang filed several pro se motions to suppress, claiming the search was illegal because the search occurred prior to the court's approval and the warrant lacked probable cause, Khoang was not read his *Miranda* rights and did not knowingly and voluntarily waive his *Miranda* rights, and the warrant was not returned to the issuing magistrate. Counsel later filed a supporting motion and arguments.

On August 17, 2017, the court held a hearing on Khoang's three motions to suppress. The court rejected all three. The court ruled the warrant was valid, based on appropriate grounds, and properly issued prior to the search. The court noted no precedent required returning a warrant to the specific issuing judge nor required suppression for returning the warrant to a different judge in the same jurisdiction.[2] As to the *Miranda* questions, the court found more credible the officer's testimony Khoang had been advised of his *Miranda* rights prior to his statements and Khoang spoke voluntarily with the officer. The court specifically

---

[1] Khoang's roommate Briseno was offered and did sign a written *Miranda* waiver prior to her police interview.
[2] The evidence shows the warrant was returned to a separate judge within the same judicial district on July 29, 2016.

noted a recording of the interview is not a requirement for the State to show the statements are voluntary.

In September 2017, a jury convicted Khoang. He now appeals the denial of his pretrial motions to suppress his statements made to law enforcement and makes a new constitutional due process claim.

## II. Standard of Review

Khoang claims the district court should have granted his motion to suppress under both the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Iowa Constitution. Therefore, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011); *see also State v. Miranda*, 672 N.W.2d 753, 758 (Iowa 2003) (reviewing motions to suppress based on *Miranda* violations de novo). This review requires "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001) (internal quotation marks omitted). We consider both the evidence from the suppression hearing and evidence presented at trial. *State v. Palmer*, 791 N.W.2d 840 (Iowa 2010). The court gives "deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but [is] not bound by such findings." *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

## III. Merits

### A. Constitutional Requirement to Record Interviews

Khoang claims the due process clause of the Iowa Constitution requires police record interrogations. Even if error had been preserved on this issue, this argument is unavailing. In 1997, the Iowa Supreme Court categorically rejected

the notion that any provision of the Iowa Constitution required law enforcement personnel to record interrogations. *State v. Morgan*, 559 N.W.2d 603, 609 (Iowa 1997) ("We are confident, however, that such procedures are in no way mandated by any provision in the Iowa Constitution.").

It is a well-known prerogative of our supreme court, the court of last resort for the state, to determine state law and the duty of lower courts to follow the law as expressed by the supreme court, even if they disagree. *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957); *State v. Hughes*, 457 N.W.2d 25, 28 (Iowa Ct. App. 1990) (declining defendant's invitation to overrule applicable supreme court precedent). The supreme court reserves to itself the right to revisit state law precedent via overruling its holdings. *See Bd. of Water Works Trs. v. Sac Cty. Bd. of Supervisors*, 890 N.W.2d 50, 57 (Iowa 2017). Accordingly, we are obliged to decline Khoang's request to overrule *Morgan*.

### B. Motion to Suppress

Khoang's second claim appeals the district court's denial of his motion to suppress his interview with law enforcement. In particular, Khoang claims the law enforcement officer did not inform him of his *Miranda* rights and so he could not have knowingly and intelligently waived them.

The evidence before the court included testimony from the officer and testimony from Khoang. The officer testified to providing the *Miranda* warnings, then engaging in a twenty to thirty minute conversation with Khoang covering a wide range of topics including Khoang's use habits, who he provided drugs to, and his suppliers. Khoang testified the officer did not advise him of his *Miranda* rights and that they only talked for around five minutes with the officer asking questions.

On this claim, the district court determined:

> With regard to the *Miranda* issue and question of testimony, the Court finds the officer's testimony to, again, be credible that *Miranda* rights were issued to the defendant, and herein makes an express credibility determination, based on observation of the officer's testimony as well as defendant's testimony, and finds that the officer provided more credible testimony on that issue.

Khoang challenges the district court's credibility finding, claiming that because the officer had Briseno sign a written waiver, but not Khoang, the officer did not inform Khoang of his *Miranda* rights, and that Khoang did not knowingly, intelligently, and voluntarily waive his rights. Khoang then reasserts his argument that due process requires recording the officer reading him the *Miranda* warning, or at the least requires a written waiver.

Iowa law does not require a written waiver of *Miranda* rights for the waiver to be effective. *See State v. Bowers*, 656 N.W.2d 349, 353 (Iowa 2002) ("*Miranda* warnings may be orally transmitted to a subject in custody and the waiver of rights attendant thereto may be oral or may be inferred from the facts."). We apply a totality-of-circumstances test to evaluate the adequacy of the State's showing in a *Miranda* challenge. *See State v. Williams*, 182 N.W.2d 396, 401 (Iowa 1970).

On our de novo review, we agree with the district court. The evidence does not support Khoang's claims. Khoang testified the conversation only lasted five minutes, not the twenty to thirty minutes described by the officer. However, the officer was able to describe in detail a variety of topics discussed during their conversation, information that would take longer than five minutes to convey, with no rebuttal, denial, or any alternate description from Khoang regarding the substance of the discussion.

While not bound by the court's factual findings, we have long deferred to the district court's witness credibility determinations. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). After evaluating the totality of the circumstances, we conclude the officer's testimony was more credible. We find Khoang's unsupported challenge of the court's ability to fairly weigh the credibility of law enforcement and suspects to be unpersuasive. The State has proven by a preponderance of the evidence that Khoang was read his *Miranda* rights, and knowingly, voluntarily, and intelligently waived them.

**AFFIRMED.**