# IN THE COURT OF APPEALS OF IOWA

No. 18-0194
Filed May 15, 2019

**IZUDIN DUBINOVIC,**
        Plaintiff-Appellant,

**vs.**

**DES MOINES PUBLIC SCHOOLS,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Izudin Dubinovic appeals the district court judicial review decision affirming the final agency action of the workers' compensation commissioner.  **AFFIRMED.**


        Mark S. Soldat of Soldat & Parrish-Sams, PLC, West Des Moines, for appellant.

        Anne L. Clark of Hopkins & Huebner, PC, Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.  Tabor, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

Izudin Dubinovic sustained a mental injury while employed as a custodian by the Des Moines Public Schools. Dubinovic filed a workers' compensation petition, claiming, "Cumulatively and progressively over a period of time employer's actions and inactions caused the development of an adjustment disorder with mixed anxiety and depressed mood." Following an arbitration hearing, a deputy workers' compensation commissioner denied the petition. The workers' compensation commissioner affirmed the decision, as did the district court on judicial review.

On appeal, Dubinovic contends (1) the supreme court erred in adopting a legal causation standard in cases involving a purely mental injury, and the district court erred in affirming the commissioner's application of the standard, and (2) the commissioner should have applied a modified standard applicable to mental injuries arising from sudden traumatic events.

**I.      *Legal-Causation Standard/Application of Standard***

In *Dunlavey v. Economy Fire & Casualty Co.*, 526 N.W.2d 845, 853–58 (Iowa 1995), the supreme court recognized that a purely mental injury may be compensable under the workers' compensation laws even in the absence of an accompanying physical injury. The court required a claimant to prove both factual causation and legal causation. *Id.* at 853. According to the court, "[F]actual causation means medical causation, that is whether the employee's injury is causally connected to the employee's employment." *Id.* Turning to legal causation, the court stated, "[F]or an employee to establish legal causation for a non-traumatic mental injury caused only by mental stimuli, the employee must

show that the mental injury 'was caused by workplace stress of greater magnitude than the day-to-day mental stresses experienced by other workers employed in the same or similar jobs,' regardless of their employer." *Id.* at 857 (citation omitted).

Dubinovic asks the court to overrule the supreme court's holding in *Dunlavey*. In his view, the court made a policy choice to apply two causation standards where the injury is purely mental despite the statutory reference to a single-causation standard: whether the injury "arises out of" employment. He argues the choice of an appropriate standard is one for the legislature rather than the judicial branch. He further argues the policy choice was "clearly erroneous" because it unduly heightened the claimant's burden.

We are not at liberty to overrule controlling precedent. *Bd. of Water Works Trs. v. Sac Cty. Bd. of Supervisors*, 890 N.W.2d 50, 57 (Iowa 2017) ("Revisiting our state law precedent is our prerogative."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."). Accordingly, we decline Dubinovic's invitation to revisit *Dunlavey*.

We turn to Dubinovic's argument that the commissioner misapplied the legal causation standard and the district court erred in affirming the agency. The issue he raises is not one of law. As the Iowa Supreme Court stated, "Although the standard of legal causation involves an issue of law, the application of that standard to a particular setting requires the commissioner to render an outcome determinative finding of fact. A court on judicial review is bound by that fact-finding

if it is supported by substantial evidence." *Asmus v. Waterloo Cmty. Sch. Dist.*, 722 N.W.2d 653, 657 (Iowa 2006).

The deputy commissioner considered the testimony of three witnesses who performed housekeeping duties for other employers. The deputy found "no evidence that claimant's work expectations were greater or unusual, just that a quota of work to be done within a given time was stressful but common to all such positions." The deputy's findings, affirmed by the commissioner in a final agency decision, are supported by substantial evidence.

## II.    *Alternative-Causation Standard*

Dubinovic alternatively contends he proved legal causation under a modified standard enunciated in *Brown v. Quik Trip Corp.*, 641 N.W.2d 725, 729 (Iowa 2002). There, an employee witnessed a shooting and "had to clean up the blood from the shooting." *Brown*, 641 N.W.2d at 726. Six days later, the employee was robbed at gunpoint. *Id.* The employee developed post-traumatic stress disorder, attributable to the incidents. *Id.* In analyzing the employee's work-related mental injury, the *Brown* court stated the claimant did not need to satisfy the *Dunlavey* legal causation test requiring proof "the stress is greater than that experienced by similarly situated employees." *See id.* at 729. The court held, "When a claim is based on a manifest happening of a sudden traumatic nature from an unexpected cause or unusual strain, the legal-causation test is met irrespective of the absence of similar stress on other employees." *Id.*; *see also Vill. Credit Union v. Bryant*, No. 11-1499, 2012 WL 1860861, at *4 (Iowa Ct. App. May 23, 2012) ("A different standard is applied in those situations in which the mental injury can be readily traced to a specific event.").

The commissioner found *Brown* inapplicable to the facts of Dubinovic's case. The commissioner began by setting the stage: "Claimant had three meetings with supervisors. After the third meeting, he had, what he believes to be, a nervous breakdown. This is the basis of claimant's contention he sustained a mental/mental injury that arose out of and in the course of employment." The commissioner then stated:

> Iowa cases where a claimant has been found to have a mental/mental injury caused by a sudden, traumatic or unexpected event, are dramatically different from those involving claimant.
> All Iowa cases finding a mental/mental injury, under the *Brown v. QuikTrip* analysis, involve instances where an employee is personally physically threatened, witnessed a gruesome injury or the death of another. That clearly is not the fact pattern in this case.

The commissioner's refusal to apply the modified causation standard set forth in *Brown* was not irrational, illogical, or wholly unjustifiable. *See Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 243 (Iowa 2018) (reviewing application of law to fact in workers' compensation cases under judicial review standard set forth in Iowa Code section 17A.19(10)(m) (2016)). To the extent the commissioner's fact findings are implicated, those findings are supported by substantial evidence. *Cf. Cavanaugh v. Iowa Dep't of Human Servs.*, No. 01-0594, 2002 WL 31425210, at *2 (Iowa Ct. App. Oct. 30, 2002) (finding "substantial evidence in the record to support the commissioner's finding that the events . . . should not be characterized as 'sudden'" where the claimaint developed a renewed fear of heights after moving from a first-floor office to a fifth-floor office).

We affirm the commissioner's denial of Dubinovic's claim for medical benefits.

**AFFIRMED.**