# IN THE COURT OF APPEALS OF IOWA

No. 13-2043
Filed November 25, 2015

**CAPITAL ONE BANK (USA), N.A.,**
      Plaintiff-Appellee,

**vs.**

**RANDY TAYLOR,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Hancock County, Paul Riffel, Judge.


      Randy Taylor appeals the district court's summary judgment decision denying his unfair debt collection counterclaim and finding that Capital One Bank was entitled to recover on the underlying credit card debt.  **AFFIRMED.**


      Raymond H. Johnson of Johnson Law Firm, West Des Moines, for appellant.

      Christopher L. Low of Abendroth & Russell, P.C., Des Moines, and Jeffrey D. Pilgrim of Pilgrim Christakis, L.L.P., Chicago, Illinois, for appellee.

      Thomas J. Miller, Attorney General, and William L. Brauch and Jessica J. Whitney, Assistant Attorneys General, amicus curiae.

      Heard by Doyle, P.J., Bower, J., and Miller, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, Senior Judge.**

Randy Taylor appeals from the district court's ruling denying his unfair debt collection counterclaim against Capital One Bank (USA), N.A. (Capital One) on summary judgment and finding that Capital One proved it was entitled to recover the underlying credit card debt. Taylor claims Capital One's failure to file a notification with the Iowa Attorney General before attempting to collect debt from Taylor constitutes an unfair debt collection violation of the Iowa Debt Collection Practices Act. Taylor further claims the district court erred in concluding Capital One proved the elements of the account stated theory of recovery and that Capital One provided a proper right-to-cure notice. Upon our review of the record, we conclude the district court did not err in denying Taylor's unfair debt collection counterclaim because Iowa law does not provide a private cause of action for a debt collector's failure to file notification with the state. Further, we find the district court did not err in granting Capital One's claim for recovery because Capital One has proved the elements of the account stated theory and provided Taylor with a proper notice of right to cure.

## I. Background Facts and Proceedings

On March 11, 2001, Taylor applied for a revolving credit account with Capital One. Capital One approved Taylor's application and issued a revolving credit account to Taylor, governed by a cardholder agreement. Taylor is the cardholder on the account and used or authorized the use of the account for the purchase of goods, services, or cash advances. Capital One sent regular

monthly statements addressed to Taylor at the address he provided. On May 7, 2012, Capital One mailed Taylor a notice of right to cure default.

On September 20, 2012, Capital One filed a civil action against Taylor seeking payment for a credit card debt in the amount of $12,475.69 plus interest and costs. Attached to Capital One's petition were a credit card agreement, a November 2011 billing statement, a December 2011 charge-off statement, a cycle facsimile report detailing the state of the account, and a right-to-cure notice. On October 9, 2012, Taylor filed his answer, including numerous affirmative defenses and his unfair debt collection counterclaim at issue here. The counterclaim alleged Capital One violated the Iowa Debt Collection Practices Act (IDCPA), Iowa Code section 537.7103 (2011), when it filed suit attempting to collect debt from Taylor without first registering as a debt collector with the Iowa Attorney General pursuant to Iowa Consumer Credit Code (ICCC) section 537.6202 (requiring notification and designation of a registered agent for service of process).

On October 29, 2012, Capital One filed a motion for summary judgment regarding Taylor's counterclaim, attaching an affidavit by a Capital One employee in support of its motion. On December 3, 2012, Taylor filed a resistance to Capital One's motion, attaching an affidavit by his attorney, which did not dispute any of the facts Capital One had put forth and instead alleged that Taylor was prejudiced by Capital One's failure to file notification for purposes of service of process. On December 11, 2012, the district court issued an order denying Capital One's motion. In its order, the district court found that Capital

One is required to register with the Iowa Attorney General to collect debt in Iowa, and that a failure to do so is a violation of the ICCC upon which Taylor could base a counterclaim. In so holding, the district court found that Capital One, as a national bank, is not licensed, certified, or authorized under chapter 524 but is instead organized under the National Bank Act (NBA). The court further found that an exception for national banks from the notification requirement "would defeat the purpose of the statute," because "[t]he chapter 524 exemption is for in-state banks regulated by the Iowa Division of Banking who are located in Iowa, regulated in Iowa, and easy to find for purposes of service [of] process." Finally, the court noted that Taylor "could be disadvantaged by [Capital One]'s failure to register inasmuch as it would be costly and time-consuming to pursue discovery and defense in this matter."

On July 12, 2013, Capital One filed a renewed motion for summary judgment and also filed a motion for summary judgment on its own claim against Taylor.[1] On July 26, 2013, Taylor filed a motion for summary judgment on his counterclaim alleging he suffered actual damages and injury and should be compensated in an amount to be proved at trial, including actual and statutory damages, costs, and reasonable attorney's fees. On October 29, 2013, the district court issued an order granting Capital One's renewed motion for summary

---

[1] Capital One claims that the parties engaged in written discovery during the period between the district court's December 11, 2012 ruling and the filing of Capital One's renewed motion the following July. Taylor argues that he provided no additional discovery responses and did not request discovery from Capital One between the first and second motions for summary judgment and that Capital One was engaging in "judge shopping." As noted in our analysis below, a district court judge may review and modify another judge's interlocutory ruling at any point prior to final judgment. *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998).

judgment on Taylor's counterclaim, granting Capital One's motion for summary judgment on its own claim against Taylor, and denying Taylor's motion for summary judgment on his counterclaim.

In its order, the district court found that under section 537.6201, national banks are exempted from the notification and registration requirements of section 537.6202 and Capital One's failure to register cannot constitute an unfair debt collection practice. The district court reasoned that Capital One is exempt because it is "authorized to engage in business under chapter 524." *See* Iowa Code § 537.6201. The district court concluded that because Capital One is not required to file a notification, no genuine issues of material fact existed and Capital One was entitled to summary judgment as a matter of law.

With respect to Capital One's claim regarding the underlying debt, the district court found that Capital One satisfied the elements of the account stated theory of recovery. The district court also noted that Taylor failed to allege any facts to dispute those Capital One put forth in support of its own motion. Finally, the district court found that there were no delinquency or deferral charges on Taylor's account that were required to be itemized by section 537.5111.

On November 7, 2013, Taylor filed a motion to enlarge and amend findings of fact, conclusions of law, and judgment pursuant to Iowa Rule of Civil Procedure 1.904. On December 5, 2013, the district court denied Taylor's rule 1.904 motion. The district court again held that Capital One "is exempt from the registration and notification requirements of § 537.6202 as it is authorized to engage in business under [c]hapter 524." The district court additionally found

that even if Capital One is not exempt, "a violation of that section does not give rise to Defendant's cause of action as it is not included in the list of violations set forth in § 537.5201 of the Code giving a consumer a cause of action to recover damages." This appeal followed.

## II.    Standard of Review

We review a trial court's grant of summary judgment and questions of statutory interpretation for corrections of errors at law. *Office of Citizens' Aide/Ombudsman v. Edwards*, 825 N.W.2d 8, 14 (Iowa 2012). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). The burden is on the moving party and we view the record in the light most favorable to the nonmoving party. *Id.* "However, the nonmoving party may not rest upon the mere allegations of his pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005).

## III.    Analysis

### A.    Capital One's Renewed Motion for Summary Judgment

Taylor first argues that this court should reverse District Court Judge Riffel's October 29, 2013 ruling because it reversed another judge's previous denial of Capital One's motion for summary judgment on Taylor's counterclaim without referencing it, thus allowing Capital One to participate in "judge shopping." Taylor asks this court to reverse a long line of cases permitting

district court judges to modify or vacate interlocutory orders entered by the same judge or different judges and instead find that Judge Schroeder's December 11, 2012 ruling should be the controlling holding in this case.

The law here is clear: "[A] trial judge may correct another judge's ruling any time before final judgment." *U.S. Bank v. Barbour*, 770 N.W.2d 350, 352 (Iowa 2009) (citing *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). Further, "it is the role of the supreme court to decide if case precedent should no longer be followed." *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014); *see also State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *see also State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Accordingly, we will not disturb the district court's October 29, 2013 ruling solely on the basis that it reversed an interlocutory order without reference.

### B. Taylor's Motion for Summary Judgment on His Counterclaim

Taylor next contends that the district court erred in denying his motion for summary judgment on his unfair debt collection counterclaim. Taylor argues in his counterclaim that Capital One committed a violation of the IDCPA by failing to file a notification with the Iowa Attorney General pursuant to section 537.6202 before attempting to collect Taylor's debt.[2] Taylor contends that Capital One's failure constitutes "an illegal threat, coercion, or attempt to coerce" because it is

---

[2] A "debt collector" is defined by section 537.7102 as "a person engaging, directly or indirectly, in debt collection, whether for the person, the person's employer, or others." Thus, Capital One is a debt collector for the purposes of the ICCC.

"[a]n action or threat to take action prohibited by [the ICCC, chapter 537,] or any other law," and is thus an unfair debt collection practice. Iowa Code § 537.7103(1)(f). Taylor further argues that he is granted a private right of action to pursue a claim against Capital One under section 537.7103(1)(f) for an unfair debt collection practice by section 537.5201.[3]

The United States District Court for the Northern District of Iowa addressed a similar claim in *Ross v. Vakulskas Law Firm, PC*, No. 10-CV-4100-DEO, 2012 WL 4092419 (N.D. Iowa Sept. 17, 2012). In *Ross*, a debtor plaintiff brought suit against a defendant debt collector alleging, among other things, that the debt collector committed a violation of the IDCPA when it failed to register with the Iowa Attorney General before attempting to collect from the plaintiff on a credit card debt. 2012 WL 4092419, at *1. We note that although a decision of a federal district court sitting in Iowa is not binding on this court, we find its analysis of the IDCPA claim persuasive in the case before us. *See State v. Short*, 851 N.W.2d 474, 481 (Iowa 2014).

In *Ross*, as in the present case, the debtor claimed that the debt collector violated section 537.7103(1)(f) of the IDCPA, among others, when it failed to file a notification with the Iowa Attorney General under Iowa Code section 537.6202.

---

[3] Iowa Code section 537.5201(1) provides that:

> The consumer . . . has a cause of action to recover actual damages and in addition a right . . . to recover from the person violating this chapter a penalty in an amount determined by the court, but not less than one hundred dollars nor more than one thousand dollars, if a person has violated the provisions of this chapter relating to:
>
> . . . .
>
> (y) Prohibitions against unfair debt collection practices under section 537.7103.

*Ross*, 2012 WL 4092419, at *10.[4]   The court concluded the debt collector's "actions taken while collecting [the debtor's] debt were not done in violation of Iowa law." *Id.* at *8.   The court reasoned that section 537.6202 "merely requires a debt collector to provide notification to the Iowa Attorney General within [thirty] days after commencing such business.   It neither requires a license to operate as a debt collector within the State, nor does it, if violated, render all subsequent actions of the debt collector unlawful." *Id.*   Additionally, the court held that "a business's violation of [s]ection 537.6202 . . . is not a prerequisite for them to do business in the state.   A violation of section 537.6202 merely renders the action or inaction that constitutes the violation in question unlawful, not each and every action undertaken in furtherance of the business." *Id.*   The court distinguished Iowa's statute from similar state statutes and found that "[i]f the Iowa Legislature had intended compliance with [s]ection 537.6202 to be a prerequisite to operating as a debt collector within the State, they would have done so expressly," as other states did. *Id.*

As the *Ross* court noted, Iowa law provides two means for enforcing a violation of the notification requirements of section 537.6202. *Id.* at *9.   "The Iowa Attorney General 'may bring a civil action against a person for failure to file notification' pursuant to Iowa Code [s]ection 537.6113, and a debt collector's failure to file notification constitutes a simple misdemeanor pursuant to Iowa

---

[4] In *Ross*, it was undisputed that the debt collector was required to register an agent for service of process with the Iowa Attorney General pursuant to section 537.6202 and that it violated that section when it failed to do so. *Ross*, 2012 WL 4092419, at *10.   Here, we do not reach whether Capital One is required to register with the attorney general, but instead hold that even if Capital One were required to register, a failure to do so does not give rise to a private cause of action.

Code [s]ection 537.5301." *Id.* The Iowa Code does not provide for a private cause of action. Taylor argues that he does have a cause of action under sections 537.5201(1)(y) and 537.7103. This argument was also addressed by the court in *Ross*:

> The prohibited practices outlined in Iowa Code [s]ection 537.7103, including violations of the law, expressly apply only to a debt collector's efforts to "collect or attempt to collect a debt" from a debtor. Violations of other laws unrelated to the collection of the debt in question do not give rise to a cause of action for the debtor.

*Id.* at *10. If the legislature had intended to include a debt collector's failure to file notification with the Iowa Attorney General pursuant to section 537.6202 as an unfair debt collection violation under section 537.7103, giving rise to a private cause under 537.5201, it could have done so expressly. The legislature included many examples of what constitutes a prohibited practice under section 537.7103 and we will not construe the language of a statute to include a violation where the legislature did not so provide. Similarly, if the legislature had intended for notification to the attorney general and designation of a registered agent to be a prerequisite to collecting debt in Iowa, it could have so provided. While we agree that one goal of requiring the designation of a registered agent may have been to provide meaningful protection to Iowa residents from abusive or unfair collection practices, the failure to make such a designation is not an actionable abusive or unfair collection practice.

We do not reach the issues of exemption and preemption because we find that a failure to file a notification pursuant to section 537.6202 is not a violation of the ICCC that allows a defendant in a debt collection action to pursue a

counterclaim for unfair debt collection practices under the IDCPA.[5]   Accordingly, the district court did not err in denying Taylor's motion for summary judgment on his unfair debt collection counterclaim.

C.      *Capital One's Motion for Summary Judgment on the Underlying Credit Card Debt*

Taylor next argues that the district court erred in granting Capital One's motion for summary judgment on the underlying credit card debt.   Taylor contends Capital One failed to prove its case under a breach of contract theory[6] or an account stated theory and Capital One failed to mail Taylor a proper notice of right to cure.

*1.      Recovery Under Account Stated Theory*

In *Capital One Bank (USA), N.A. v. Denboer*, 791 N.W.2d 264, 282 (Iowa Ct. App. 2010), this court held that in order for a creditor to recover a credit card debt from a consumer under the account stated theory, a creditor must:

> *(1) Meet the requirements of account stated*, by providing an account agreement with the consumer, a final or "charge-off" statement with the consumer's address, and a sworn statement from a person with knowledge that regular monthly account statements were sent to the consumer at the address provided by the consumer, the charge-off statement is the sum total of those statements, the consumer used the credit card, and the consumer never objected to the monthly statements.

---

[5] Accordingly, we express no opinion as to the issues of exemption and preemption, having determined those decisions are best left to resolution in a different forum or proceeding.
[6] Taylor argues on appeal Capital One never identified a legal theory upon which it sought recovery.  Taylor made this same argument in his summary judgment filings but then also acknowledged that Capital One relied on the account stated theory.  Taylor's argument is without merit and we will examine the parties' claims under the account stated theory for recovery.

Taylor argues that Capital One has failed to prove the elements of the account stated theory because Capital One (1) failed to prove that Taylor agreed to be bound by the alleged cardholder account agreement or any amendments to the agreement, including changing interest rates and the minimum payment required; (2) failed to prove the existence of a charge-off statement or that one was ever mailed to Taylor; and (3) failed to prove that Taylor never objected to any of the account statements or the charge-off statement, or that the charge-off statement was the sum total of those monthly account statements.

Taylor further argues Capital One filed an incompetent affidavit in support of its motion for summary judgment on the underlying debt that failed to establish (1) that monthly account statements were sent to Taylor or received by Taylor or (2) that Taylor never objected to any of the statements.  Taylor specifically argues Capital One's supportive affidavit is incompetent in that the affiant did not claim personal knowledge of these facts because she prefaces these two statements with the phrase "to the best of my knowledge and belief."  Taylor contends that by using this phrase, the affiant claims to have personal knowledge of Capital One's business records but not personal knowledge about Capital One's mailing practices, whether the statements were properly mailed to Taylor, or whether Taylor made an objection.  Taylor contends that this phrase renders the affiant's assertions to be little more than inadmissible hearsay not within the business record exception.  Additionally, Taylor insists the affidavit fails to identify any Capital One business records that the affiant reviewed, including account statements or a cardholder agreement, and that it does not state whether the

records are reliable or whether they even exist to establish there have been no disputes on the account or that the charges are accurate.[7]

Iowa Rule of Civil Procedure 1.981(5) provides, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We find the affidavit is competent evidence even if it is not the strongest evidence. *See Competence*, *Black's Law Dictionary* (10th ed. 2014) ("A basic or minimal ability to do something; adequate qualification, esp. to testify"). It is based on the affiant's personal knowledge as a result of her employment position and sets forth admissible facts under the business records exception to hearsay. Taylor's arguments regarding the affiant's use of the phrase "to the best of my knowledge and belief" in two paragraphs amount to a challenge regarding the weight it should be given rather than its competency.

We find Capital One offered sufficient evidence to prove the elements of an account stated theory of recovery. Capital One provided an account agreement that governed Taylor's account with it. Additionally, Taylor admitted that he is the cardholder on the account and that he used or authorized the use of the account for the purchase of goods or services and cash advances. Next, Capital One provided a charge-off statement addressed to Taylor with the

---

[7] Taylor also argues that the district court erroneously relied upon inadmissible evidence in its ruling. Taylor contends the monthly statements used by the district court to corroborate Capital One's affidavit are inadmissible hearsay and cannot be considered because they were not submitted with the affidavit and were not identified in the affidavit. We find there is other sufficient evidence in the record that Capital One proved it was entitled to recovery under the account stated theory. Therefore, we do not address whether the district court erroneously relied upon the monthly statements Capital One submitted with its affidavit.

address Taylor provided. Finally, Capital One supported its motion with a competent affidavit that stated that (1) Capital One sent regular monthly account statements to Taylor at the address he provided; (2) Capital One sent a charge-off statement to Taylor that is the sum total of the monthly account statements; and (3) Taylor never objected to any of the monthly statements. Therefore, we conclude Capital One provided sufficient proof of the elements of the account stated theory.

Next, we examine whether Taylor "set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). We note Taylor did not offer evidence[8] to dispute Capital One's summary judgment motion and instead argued that he was not required to present evidence because Capital One had failed to put forth evidence sufficient to prove the elements on the theory on which it sought to recover. *See Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27–28 (Iowa 2005). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . ." Iowa R. Civ. P. 1.981(5). Instead, the nonmoving party "must set forth specific facts showing the existence of a genuine issue for trial." *Hlubek*, 701 N.W.2d at 95. Because we find Capital One presented sufficient evidence to prove its claim for recovery on

---

[8] Taylor submitted only a single affidavit by his attorney that detailed the attorney's qualifications to represent a consumer in a debt collection action and included complaints of the unfairness and prejudice consumers, especially those in small claims actions, allegedly suffer as a result of national banks collecting debt in Iowa without filing a notification with the Iowa Attorney General. The affidavit did not allege any facts to contest those offered by Capital One in this case and did not raise a genuine issue for trial.

the underlying debt, and Taylor failed to offer any evidence to raise a genuine issue for trial, the district court did not err in concluding Capital One was entitled to summary judgment as a matter of law.

### 2.     Proper Notice of Right to Cure

Taylor argues Capital One failed to establish that it sent a proper right-to-cure notice to Taylor prior to filing its collection action because it failed to itemize delinquency and deferral charges as required by section 537.5111.   Taylor contends the monthly statements Capital One submitted to the district court clearly show that delinquency or deferral charges were included within the cure amount but were not itemized.   Furthermore, he argues the ICCC "does not differentiate between deferral or delinquency charges pre or post charge off," thus Capital One's claim that no delinquency charges were charged to the account post-charge off does not hold weight when considering the statutory language.

Under Iowa law, "if the consumer has a right to cure the default, [a creditor] shall give the consumer the notice of right to cure provided in section 537.5111 before commencing any legal action in any court on an obligation of the consumer."   Iowa Code § 537.5110(2).   Section 537.5111(1) requires a notice of right to cure to contain "a statement of the total payment, including an itemization of any delinquency or deferral charges," among other things.

Taylor cites *Gemini Capital Group, L.L.C. v. Foley*, No. 11-0148, 2011 WL 4579635 (Iowa Ct. App. Oct. 5, 2011), as support for his argument.   In *Gemini*, the court found that under the terms of the cardholder agreement at issue in that case, the creditor's late payment fees/charges were included within the definition

of "delinquency fees." 2011 WL 4579635, at *2; *see* Iowa Code § 537.2502(4) (stating delinquency charges, with respect to open-end credit, may be contracted for by the parties "on any payment not paid in full when due, as originally scheduled or as deferred, in an amount up to fifteen dollars"). Therefore, the creditor's late payment fees/charges were required to be itemized in the creditor's notice of right to cure sent to the debtor.

We find *Gemini* is distinguishable from the case before us because the cardholder agreement at issue here provides that a "Late Payment Fee" is treated as a "purchase transaction," and is added to the principal when the payment is not received by Capital One by the due date shown on the monthly statement. The record supports without disputed fact that Taylor received monthly statements that showed the fees were treated as purchase transactions and added to the principal amount owed, pursuant to the terms of the cardholder agreement. When Taylor's account was closed, there were no delinquency or deferral charges on his account. The notice of right to cure Capital One sent to Taylor on May 7, 2012, was nearly verbatim to the form provided in section 537.5111(2),[9] and stated the "total payment" amount owed, including principal and interest. Thus, there were no delinquency or deferral fees on Taylor's account that were required to be itemized under section 537.5111(1). We

---

[9] Capital One did not provide a telephone number for its business office but rather for its attorney in Iowa. Our supreme court has held that a bank's failure to include its telephone number, as required under Iowa Code section 537.5111, did not render its notice prejudicial to the consumer. *See Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980) (stressing, "[b]y our holding here we do not, however, condone the utilization by creditors of 'notices' which differ in any substantial degree from the format provided by section 537.5111(2)").

conclude Capital One sent a proper right-to-cure notice and the district court correctly granted Capital One's motion for summary judgment on the underlying credit card debt.

## IV.   Conclusion

Iowa law does not provide a private cause of action for a debt collector's failure to file notification with the Iowa Attorney General.  Capital One proved the elements of the account stated theory of recovery by providing an account agreement with Taylor; a final charge-off statement addressed to Taylor; and a competent affidavit that stated Capital One sent regular monthly account statements to Taylor, a charge-off statement that is the sum total of the monthly account statements, and that Taylor never objected to any of the monthly statements.  We also conclude Capital One provided Taylor with a proper notice of right to cure.  Accordingly, we affirm the district court's ruling on summary judgment denying Taylor's counterclaim, and we affirm the district court's award of summary judgment in favor of Capital One.

   **AFFIRMED.**